OPINION
{¶ 1} The State of Ohio ("state") appeals from the November 1, 2005 judgment of the Franklin County Court of Common Pleas classifying appellee, Robert Joseph Humphrey, as a sexually oriented offender rather than a sexual predator. For the reasons set forth below, we affirm.
 {¶ 2} On December 5, 2003, a Franklin County Grand Jury issued a seven-count indictment charging appellee with one count of unlawful sexual conduct with a minor (R.C. 2907.04), four counts of gross sexual imposition (R.C. 2907.05), one count of attempted gross sexual imposition (R.C. 2923.02), and one count of kidnapping (R.C. 2905.01). Appellee ultimately entered guilty pleas to three counts of gross sexual imposition, and the remaining charges were dismissed.
 {¶ 3} During the January 20, 2005 sentencing hearing, the trial court accepted appellee's guilty plea. The court proceeded to address appellee's sexual offender classification. After listening to the testimony of a police detective and counsels' arguments, the trial court determined that the weight of the evidence did not support labeling appellee as a sexual predator. Instead, the court found appellee to be a sexually oriented offender.
 {¶ 4} The state appealed the trial court's decision, which was journalized in a January 21, 2005 judgment entry. On appeal, this court found that the trial judge failed to provide sufficient information to allow a meaningful review of the sexual predator determination. Accordingly, we reversed the trial court's judgment and remanded the matter, instructing the court to provide an explanation of its judgment.
 {¶ 5} On October 31, 2005, the trial court held a second hearing, for which a transcript of the original hearing was admitted for consideration. After brief arguments by counsel, the court reviewed the pertinent facts in light of the statutory requirements of R.C. 2950.09 and, again, determined that appellee was a sexually oriented offender. "At this time the Court, based upon the evidence, the Court finds that * * * there isn't clear and convincing evidence that the Defendant will offend in the future and, therefore, will classify him as a sexually oriented offender." (Oct. 31, 2005 Tr. at 11.) The court journalized its finding on November 1, 2005.
 {¶ 6} By timely appeal, the state now raises the following assignments of error:
FIRST ASSIGNMENT OF ERROR
THE TRIAL COURT FAILED TO EXPLAIN ITS FINDING THAT THE EVIDENCE DID NOT SUPPORT A SEXUAL PREDATOR CLASSIFICATION.
SECOND ASSIGNMENT OF ERROR
THE TRIAL COURT ERRED BY REFUSING TO CLASSIFY DEFENDANT AS A SEXUAL PREDATOR.
 {¶ 7} R.C. 2950.01(E) defines a "sexual predator" as a person who (1) is guilty, by conviction or plea, of committing a sexually oriented offense; and (2) is likely to re-offend by committing one or more sexually oriented offenses in the future. To obtain a sexual predator designation, the state is required to prove each element of the definition by clear and convincing evidence. R.C. 2950.01(E) and 2950.09(B)(4); State v. Eppinger
(2001), 91 Ohio St.3d 158, 163. Clear and convincing evidence is that "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cincinnati Bar Assn. v. Massengale (1991), 58 Ohio St.3d 121,122. While amounting to more than a mere preponderance of the evidence, clear and convincing evidence does not demand the degree of certainty as belief beyond a reasonable doubt.Eppinger, supra, at 164, Cross v. Ledford (1954),161 Ohio St. 469, 477. "It does not mean clear and unequivocal." Id.
 {¶ 8} In determining whether the state has satisfied its burden in proving that an offender is a sexual predator, the trial court "shall consider all relevant factors, including, but not limited to, all of the following:"
(a) The offender's * * * age;
(b) The offender's * * * prior criminal * * * record regarding all offenses, including, but not limited to, all sexual offenses;
(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed * * *;
(d) Whether the sexually oriented offense for which sentence is to be imposed * * * involved multiple victims;
(e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
(f) If the offender * * * has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender * * * completed any sentence * * * imposed for the prior offense or act and, if the prior offense or act was a sex offense or sexually oriented offense, whether the offender * * * participated in available programs for sex offenders;
(g) Any mental illness or mental disability of the offender * * *;
(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
(i) Whether the offender * * *, during the commission of the sexually oriented offense for which sentence is to be imposed * * * displayed cruelty or made one or more threats of cruelty;
(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct.
R.C. 2950.09(B)(3).
 {¶ 9} In considering the above, a trial court may place as little or as much weight on any of the factors as it deems relevant. There is no magic number that must be present. "[T]he test is not a balancing one." State v. Maser (Apr. 20, 1999), Franklin App. No. 98AP-689. Instead, the "court may classify an offender as a `sexual predator' even if only one or two statutory factors are present, so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually oriented offense."State v. Hardie (2001), 141 Ohio App.3d 1, 5. Of course, the opposite is also true. If the court finds that several of the statutory factors are indicated, but determines that the evidence presented does not demonstrate a clear and convincing likelihood of re-offense, the trial court acts within its power in declining to classify the offender as a sexual predator.
 {¶ 10} A sexual predator hearing is a civil, rather than criminal, proceeding. State v. Bregen, Clermont App. No. CA2005-11-101, 2006-Ohio-4691, at ¶ 6; State v. Harden (Oct. 29, 1998), Franklin App. No. 98AP-223. On appeal, we must ascertain whether the trial court's judgment is supported by the manifest weight of the evidence. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v.Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. Moreover, our review is highly deferential to the trial court, as it is in the best position to analyze witness testimony and credibility. "[I]t is well established that every reasonable presumption must be made in favor of the judgment and findings of fact." Shemo v.Mayfield Heights (2000), 88 Ohio St.3d 7, 10. A reviewing court should not substitute its own opinion for that of the trial court if competent and credible evidence supports the trial court's judgment. Collier v. Stubbins, Franklin App. No. 03AP-553, 2004-Ohio-2819, at ¶ 16.
 {¶ 11} Both of the state's assignments of error challenge the trial court's refusal to classify appellee as a sexual predator. Harkening back to our decision on the previous appeal, the state first asserts that the trial judge failed to adequately explain its reasoning. The state also submits that the court's decision itself was in error.
 {¶ 12} Appellee pleaded guilty to three counts of gross sexual imposition related to the following factual circumstances. The Columbus Police Department investigated allegations of several incidents of improper contact with young girls. K.B., age 13, reported that she was at a friend's house when appellee approached her in the kitchen. He touched her chest, her bottom and vaginal area and inserted his finger into her vagina.
 {¶ 13} Detectives spoke with three additional girls regarding instances of appellee's inappropriate behavior. M.T., approximately 14 years of age, told police that she would drive around the neighborhood with appellee in his car and smoke marijuana. She stated that during these trips, appellee touched her chest and vaginal area on three occasions. A.B., who was about the same age as M.T., also indicated that appellee had tried to kiss and touch her, but she had turned away and evaded his efforts. Finally, C.B., who was ten years old, reported that she encountered appellee during a bike ride in the neighborhood. Appellee had stopped her bike, grabbed her hand and made her touch his penis. On the other hand, there was also evidence that another man named Robert, who was also known as "Bobby" in the neighborhood, was also investigated as a possible perpetrator, but charges were never made against him.
 {¶ 14} The transcript of the classification hearing reveals that the trial court adequately considered the above facts in conjunction with the factors enumerated in R.C. 2950.09(B)(3). The court noted appellee's age, as well as the young ages of the victims. Appellee did have a criminal record, but it was for burglary. Hence, appellee had no history of committing sex offenses. The court also observed that the case involved multiple victims. Drugs were involved in at least one instance, although the nature of impairment or resistance did not come into evidence. The court also found that there was no evidence of threats or displays of cruelty. Given these factual findings, the trial court found that the state had not presented clear and convincing evidence that appellee would offend in the future. Therefore, the court declined to designate appellee as a sexual predator, classifying him as a sexually oriented offender instead.
 {¶ 15} The state asserts that the trial court failed to sufficiently explain its findings. In the first appeal, we agreed with the state's assertions. However, on remand, the trial court properly indicated its consideration of the statutory factors and noted the reasons for its decision. For example, while addressing appellee's criminal history, the court specifically noted that this case represents appellee's only sexually oriented offense. The remainder of appellee's criminal background is comprised solely of property offenses such as burglary. The court also noted that there was some question as to whether appellee was the only "Bobby" implicated by the victims' statements. While the trial court's explanation of its reasoning is not as thorough as a reviewing court might prefer, it satisfies the requirement that it provide a general discussion of the factors and evidence involved. Accordingly, appellant's first assignment of error is overruled.
 {¶ 16} The state argues that it presented clear and convincing evidence indicating that appellee was likely to re-offend. However, other than giving the evidence a different and more condemning translation, the state offers no compelling argument to undermine the competent, credible evidence supporting the trial court's decision. The trial court is as aware as this court and the prosecution that offenders with multiple younger victims are generally considered highly likely to re-offend. As a reviewing court, we are not in the position to replace a trial court's decision just because we may disagree with it. Instead, we must defer to the trial court's better position as fact-finder and uphold its judgment where, as here, there is at least some supporting evidence. As such, we must overrule the state's second assignment of error.
 {¶ 17} Having overruled the state's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Bryant and Whiteside, JJ., concur.
WHITESIDE, J., retired of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.