OPINION
{¶ 1} Appellant, Daniel Schoolcraft, appeals from the judgments in two criminal cases wherein the trial court classified him as a sexual predator under Chapter 2950 of the Ohio Revised Code. The appeals were consolidated for briefing and argument. Appellant has not appealed the underlying convictions or the sentences imposed in either case. [D1]
 {¶ 2} In case No. 06AP-429 (C.P.C. No. 04CR-07-4401), appellant was charged by indictment with multiple counts of sexual assaults against minor children. Counts 1 through 8 of the indictment alleged rape by fellatio, cunnilingus and digital sexual penetration, R.C. 2907.02. The victim, Jessica, was the daughter of appellant's then live in girlfriend. The rapes began when the child was five and continued until she was approximately nine years old. Count 9 of the indictment alleged gross sexual imposition of Jeremy, the seven-year-old son of appellant's girlfriend, R.C. 2907.05. Counts 10 through 15 of the indictment alleged unlawful sexual conduct with a minor, Victoria, who was over 13 but less than 16 years of age, R.C. 2907.04. Counts 16 and 17 of the indictment alleged that appellant permitted child abuse in regard to victims Jessica and Jeremy.
 {¶ 3} In case No. 06AP-430 (C.P.C. No. 04CR-12-7891), appellant faced indictment on two counts of rape, R.C. 2907.02 and two counts of sexual battery, R.C. 2907.03. The victim in each count was appellant's natural daughter, Angel. Appellant was also charged in C.P.C. No. 04CR-6749 with failing to register as a sex offender. That case is not involved in these consolidated appeals. Appellant was represented by counsel in each of his cases.
 {¶ 4} On April 10, 2006, in C.P.C. No. 04CR-07-4401, appellant entered a guilty plea to Count 7 of the indictment, rape of eight-year-old Jessica, R.C. 2907.02(A)(2), Count 9 of the indictment, gross sexual imposition involving Jeremy, R.C. 2907.05 and Count 10 of the indictment, unlawful sexual conduct with a minor, Victoria, R.C. 2907.04. Count 7 of the indictment occurred when appellant forced the child to perform fellatio upon him. In Count 9 of the indictment, appellant forced seven-year-old Jeremy to take off his clothes, put a blindfold over his head, then fondled the child's genitals. Count 10 of the indictment involved digital vaginal penetration of Victoria, a 13-year-old friend of appellant's biological daughter.
 {¶ 5} In C.P.C. No. 04CR-12-7891, appellant entered guilty pleas to Counts 3 and 4 of the indictment, sexual battery of his natural daughter, Angel, R.C. 2907.03. Both counts involved digital vaginal penetration of the child.
 {¶ 6} The court conducted a hearing pursuant to R.C. Chapter 2950. Appellant stipulated his record of previous convictions including receiving stolen property, breaking and entering, aggravated burglary and rape.[1] The court considered the statutory factors found in R.C. 2950.09. The court found relevant appellant's age, his prior record of criminal convictions, including a prior conviction for rape, the young age of the several victims, the fact that there were multiple victims and the fact that appellant's conduct demonstrated a pattern of sexual abuse over a period of time. The court found by clear and convincing evidence that appellant was a sexual predator.
 {¶ 7} Appellant raises a single assignment of error:
 APPELLANT'S CLASSIFICATION AS A SEXUAL PREDATOR IS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE.
 {¶ 8} To be classified a sexual predator, a defendant must have been convicted of a sexually oriented offense and must be likely to engage in the future in one or more sexually oriented offenses. State v.Eppinger (2001), 91 Ohio St.3d 158. The standard of proof is by clear and convincing evidence. "Clear and convincing evidence is that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is require `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469,477, paragraph three of the syllabus.
 {¶ 9} The term "sexual predator" is defined in R.C. 2950.01(E) and provides, in pertinent part, as follows:
 (E) "Sexual predator" means a person to whom either of the following applies:
 (1) The person has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
Each of appellant's offenses meets the definition of "sexually oriented offense" contained in R.C. 2950.01(D). The definition of sexually oriented offense is not at issue.
 {¶ 10} No specific number of factors contained in R.C. 2950.09 must be found before a court may classify a convicted sex offender as a sexual predator. The trial court may place as much or as little weight on the various factors as it deems appropriate. State v. McDonald, Franklin App. No. 03AP-853, 2004-Ohio-2571.
 {¶ 11} Here, there is clear and convincing evidence to support the trial court's determination that appellant is a sexual predator. Appellant was a convicted rapist, incarcerated for over a decade and paroled shortly before he committed the offenses herein. That fact alone is significant in demonstrating that appellant is likely to commit one or more sexually oriented offenses in the future. Moreover, appellant's record of criminal convictions demonstrates that he has no inclination to abide by the laws of society.
 {¶ 12} In addition, the victims were all young children, between seven and 13 years of age, when appellant attacked them. One was his natural daughter. Taking advantage of a position of trust, that of father and daughter, is a significant factor that supports a sexual predator finding. State v. Carter (Aug. 9, 2001), Franklin App. No. 00AP-1365. Offenders who commit multiple sexual assaults upon young children are generally considered "highly likely to re-offend." State v.Humphrey, Franklin App. No. 05AP-1274, 2006-Ohio-5869, ¶ 16; State v.Daniels, Franklin App. No. 97APA06-830, affirmed 84 Ohio St.3d 12. Courts recognize that "the overwhelming statistical evidence [supports] the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children." Id. Additionally, appellant's crimes against the multiple child victims were committed over a period of time and demonstrated a pattern of sexual abuse. R.C. 2950.09(B)(3)(h). These are significant factors in demonstrating that appellant is a sexual predator and that it is likely that he will commit one or more sexually oriented offenses in the future.
 {¶ 13} Appellant argues that, at 38 years of age, the crimes against Jessica, Jeremy, Victoria and Angel are "only [the] second known occurrence of sexual misconduct" and "this is behavior that is extremely unlikely to reoccur." (Brief, at 2.) Appellant argues that as he ages, his physical ability to engage in sexual activity will diminish and therefore, he is not likely to re-offend after he completes his prison sentence. (Brief, at 3.) However, appellant did not present any evidence or testimony in the trial court on whether age-related hormonal decreases impact recidivism by sex offenders and we have no occasion to speculate on the subject.
 {¶ 14} This case presents compelling evidence to support the judgment of the trial court that appellant is a sexual predator. The proof is clear and convincing. The assignment of error is overruled and the judgments of the Franklin County Court of Common Pleas are affirmed.
Judgments affirmed.
KLATT, P.J., and PETREE, J., concur.
[1] The stipulated record of appellant's record of criminal convictions indicates that he pled guilty to the crime of rape on August 18, 1989 in Franklin County C.P.C. No. 89CR-03-1229 and was sentenced to a term of seven to 25 years in prison. Appellant states that he served a period of ten years and eight months in prison before being paroled on his rape conviction. Assuming the length of time in prison is accurate, his release on parole occurred in approximately March 2000. The continuing series of rapes involving Jessica were alleged to have begun in May 2001, while appellant was on parole for rape. The rape of Jessica contained in Count 7 of the indictment occurred in August 2003.