{¶ 1} Defendant appellant, Charles Marshall, appeals the ruling from the Cuyahoga County Court of Common Pleas denying his motion for evidentiary hearing. Finding no error in the proceedings below, we affirm.
 {¶ 2} Marshall was convicted of two counts of aggravated robbery, nine counts of kidnapping, and one count of felonious assault. This court affirmed his convictions, but remanded the case for resentencing because the trial court failed to merge the one-and three-year firearm specifications at sentencing. See State v. Marshall (Feb. 25, 1999), Cuyahoga App. No. 73522. Marshall was resentenced on March 29, 1999. Marshall filed a delayed appeal in 2005, which was denied.
 {¶ 3} On December 29, 2006, Marshall filed a motion for a Crim.R. 52(B) evidentiary hearing pursuant to R.C. 2941.25(A), alleging that it was plain error for the trial court to impose separate sentences for his robbery and kidnapping convictions, arguing that they are allied offenses of similar import. His motion was denied, and Marshall appeals, advancing three assignments of error for our review. Since Marshall's first and third assignments of error relate to his resentencing held in 1999 and are untimely argued, we will address only his second assignment of error.
 {¶ 4} In his second assignment of error, Marshall argues that the trial court should have merged his robbery and kidnapping convictions because they are allied offenses of similar import. The state argues that the issue is res judicata. We agree with the state. *Page 4 
 {¶ 5} The Supreme Court of Ohio has stated that under the doctrine of res judicata, "`[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.' Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, 1995-Ohio-331,653 N.E.2d 226, syllabus. Res judicata promotes the principle of finality of judgments by requiring plaintiffs to present every possible ground for relief in the first action. Natl. Amusements, Inc. v.Springdale (1990), 53 Ohio St.3d 60, 62, 558 N.E.2d 1178." Kirkhart v.Keiper, 101 Ohio St.3d 377, 378, 2004-Ohio-1496, 805 N.E.2d 1089. Moreover, res judicata prevents repeated attacks on a final judgment and applies to issues that were or might have been previously litigated.State v. Sneed, Cuyahoga App. No. 84964, 2005-Ohio-1865; State v.Brown, Cuyahoga App. No. 84322, 2004-Ohio-6421. This issue was raised by Marshall on direct appeal in State v. Marshall (Feb. 25, 1999), Cuyahoga App. No. 73522. This court rejected his argument, finding that his convictions for aggravated robbery and kidnapping were not allied offenses of similar import. Therefore, the trial court properly denied Marshall's motion. Accordingly, Marshall's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 5 
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 KENNETH A. ROCCO, J., and MELODY J. STEWART, J., CONCUR. *Page 1