[Cite as *State v. Bobo*, 2011-Ohio-4503.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95999**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## HARRY BOBO

DEFENDANT-APPELLANT

**JUDGMENT:**
**REVERSED; APPELLANT DISCHARGED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-508409

**BEFORE:** Cooney, J., Boyle, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 8, 2011
**ATTORNEYS FOR APPELLANT**

Edwin J. Vargas
The Vargas Law Firm Co., L.P.A.
1956 W. 25th Street, Suite 302
Cleveland, Ohio 44113

David H. Brown
David H. Brown, LLC
1956 West 25th Street, Suite 302
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Lorraine Debose
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

COLLEEN CONWAY COONEY, J.:

{¶ 1} Defendant-appellant, Harry Bobo ("Bobo"), appeals his sentence for violating his community control sanction.   We reverse the trial court's judgment and order the appellant discharged.

{¶ 2} In March 2009, Bobo was charged with violating his community control sanction for the third time in two years.   The trial court found Bobo guilty and sentenced him to 12 years in prison.

{¶ 3} Bobo appealed, arguing in his second assignment of error that the State presented insufficient evidence.   In *State v. Bobo*, Cuyahoga App. No. 93162, 2010-Ohio-3405, at ¶8 ("*Bobo I*"), this court held, in pertinent part, that:

> "[a]lthough the state need only prove a violation of community control by a preponderance of the evidence, it failed to meet any standard of proof in this case. The state made no appearance at the community control revocation hearing, so it offered no evidence of any kind to rebut Bobo's assertions. Moreover, to the extent that Bobo conceded that he did not appear on the first Wednesday of the month, he told the court that his failure was the result of a misunderstanding with his probation officer and that he did appear the following week.   While the court plainly did not believe Bobo, it would have been a simple matter for the court to examine the probation officer to verify or contradict Bobo's claims. Certainly justice requires more than what took place at the hearing, particularly given that the court reimposed a 12-year sentence on what may well have been nothing more than a misunderstanding about the reporting time."

{¶ 4} This court sustained Bobo's second assignment of error, finding that the court had insufficient evidence to find that Bobo violated community control.   This court reversed and "remanded for proceedings consistent with this court's opinion."

{¶ 5} In error, the trial court held a second hearing, found Bobo guilty, and imposed a 12-year sentence. Based on *Bobo I*, the law of the case doctrine dictates that insufficient evidence was presented to prove that Bobo violated community control.[1] Thus, Bobo's conviction and sentence should have been vacated upon remand, and his previous term of community control sanction reinstated until its scheduled termination on August 20, 2011 or its newly extended date.[2]

{¶ 6} Accordingly, judgment of the trial court is reversed, and the appellant is ordered discharged.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

---

[1] The law of the case doctrine provides that the decision of a reviewing court in a case remains the law of the case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 462 N.E.2d 410.

[2] The trial court extended Bobo's three-year term of community control sanction until August 20, 2011, according to the journal entry of November 19, 2008.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
COLLEEN CONWAY COONEY, JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR