[Cite as *State v. Barclay*, 2011-Ohio-4770.]

STATE OF OHIO            )                      IN THE COURT OF APPEALS
)ss:               NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT      )

STATE OF OHIO                           C.A. No.       25646

       Appellee

       v.                                APPEAL FROM JUDGMENT
ENTERED IN THE
MARK A. BARCLAY                   COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
       Appellant                      CASE No.     CR 02 02 0305(C)

DECISION AND JOURNAL ENTRY

Dated: September 21, 2011

CARR, Presiding Judge.

{¶1}    Appellant, Marc A. Barclay, appeals the judgment of the Summit County Court of Common Pleas.  This Court affirms, in part, and vacates, in part.

I.

{¶2}    On February 12, 2002, Barclay was indicted by the Summit County Grand Jury on one count of aggravated murder, in violation of R.C. 2903.01(A); two counts of kidnapping in violation of R.C. 2905.01(A)(3); and one count of abuse of a corpse in violation of R.C. 2927.01(B).  The State subsequently moved to amend the indictment, and the trial court granted the motion.  The aggravated murder charge, as contained in the original indictment, was reduced to the lesser included offense of murder.  The case proceeded to trial.  On October 25, 2002, the jury returned guilty verdicts on all counts and Barclay was sentenced thereafter.

{¶3}   Barclay filed a notice of appeal on November 22, 2002.  This Court affirmed Barclay's convictions on October 15, 2003.  *State v. Barclay*, 9th Dist. No. 21336, 2003-Ohio-5468.

{¶4}   On July 12, 2010, Barclay filed a motion to discharge.  In responding to the motion, the State acknowledged that the 2002 sentencing entry did not properly impose post-release control and requested that Barclay be resentenced de novo.  The trial court conducted a resentencing hearing on August 25, 2010, and subsequently issued a sentencing entry on September 20, 2010.  Barclay filed a notice of appeal on October 20, 2010.

{¶5}   On appeal, Barclay raises three assignments of error.

II.

### ASSIGNMENT OF ERROR I

"THE TRIAL COURT ERRED IN NOT DISMISSING THE APPLELLANT'S INDICTMENT(S) THAT ARE CONSTITUTIONALLY INSUFFICIENT TO CHARGE ANY CRIMINAL OFFENSE WHATSOEVER UNDER OHIO LAW, VIOLATING APPELLANT'S RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND SECTION 10 ARTICLE I OF THE OHIO CONSTITUTION[.]"

{¶6}   In his first assignment of error, Barclay argues that the trial court erred in not dismissing the indictment.  This Court disagrees.

{¶7}   In support of his first assignment of error, Barclay argues that the indictment contained several defects which rendered it insufficient to charge an offense.  The State counters that because Barclay did not raise these claims on direct appeal, he is now barred from raising the issue on the basis of res judicata.

{¶8}   "A determination of whether the doctrine of res judicata bars an action is a question of law which this Court reviews de novo." *Brott v. Green*, 9th Dist. No. 21209, 2003-Ohio-1592, at ¶11, citing *Davis v. Coventry Twp. Bd. of Zoning Appeals* (Feb. 14, 2001), 9th

Dist. No. 20085; *Payne v. Cartee* (1996), 111 Ohio App.3d 580, 586-587. When reviewing a matter de novo, this court does not give deference to the trial court's decision. *State v. Stallings*, 150 Ohio App.3d 5, 2002-Ohio-5942, at ¶6.

{¶9} In *State v. Perry* (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus, the Supreme Court of Ohio articulated the parameters of the doctrine of res judicata:

> "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment."

{¶10} (Emphasis added.) This Court has recognized that, by the plain language of *Perry*, "the doctrine of res judicata is directed at procedurally barring convicted defendants from relitigating matters which were, or could have been, litigated on direct appeal." *State v. Widman* (May 16, 2001), 9th Dist. No. 00CA007681.

{¶11} Barclay exercised his right to appeal to this Court in 2002. On appeal, Barclay raised one assignment of error in which he argued that his convictions were against the manifest weight of the evidence. This Court affirmed Barclay's convictions on October 15, 2003. *State v. Barclay*, 9th Dist. No. 21336, 2003-Ohio-5468. As Barclay did not raise any issues with the indictment in his appeal of right, he is now barred from raising that issue in a subsequent action. *Widman*, supra.

{¶12} The first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

"THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES ON THE APPELLANT WHEN NO STATUTORY AUTHORITY EXIST[S] FOR THE IMPOSITION OF SUCH, VIOLATING THE APPELLANT'S CONSTITUTIONAL RIGHTS PURSUANT TO THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES

CONSTITUTION, AND ARTICLE I SECTION 16 & ARTICLE IV SECTION 10 OF THE OHIO CONSTITUTION[.]"

**ASSIGNMENT OF ERROR III**

"THE TRIAL COURT ERRED IN IMPOSING ANY SENTENCE UPON APPELLANT DUE TO THE UNREASONABLE DELAY IN IMPOSING A VALID SENTENCE WHICH RESULTED IN A LOSS OF JURISDICTION, VIOLATING APPELLANT'S RIGHT TO DUE PROCESS UNDER THE UNITED STATES AND OHIO CONSTITUTION[.]"

{¶13} In his second assignment of error, Barclay argues that the trial court was without authority to impose consecutive sentences. In his final assignment of error, Barclay argues that the trial court was without authority to resentence him due to unreasonable delay. This Court disagrees with both propositions.

{¶14} We address Barclay's second and third assignments of error together as both deal with the trial court's authority to impose sentence. In support of his second assignment of error, Barclay argues that the trial court was without authority to impose consecutive sentences without first making certain findings of fact. Barclay further argues that the Supreme Court of Ohio's decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, is unconstitutional and "nothing more than judicial expansion of jurisdiction by fiat, as it relates to consecutive sentences." In support of his third assignment of error, Barclay argues that the trial court was without jurisdiction to resentence him in 2010 because there was an unreasonable delay between the time he was found guilty and the time a lawful sentence was imposed. Barclay contends that the trial court failed to comply with R.C. 2967.28 in sentencing him in 2002 and, therefore, his original sentence was void. Barclay concludes that because he was not given a lawful sentence until 2010, his resentencing violated his rights under Crim.R. 32(A).

{¶15} The Supreme Court of Ohio has held that an error in post-release control notification does not result in a void sentence. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-

6238. In *Fischer*, the Supreme Court held that "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." Id. at ¶26. The Court reasoned that "[n]either the Constitution nor common sense commands anything more." Id. The new sentencing hearing that a defendant is entitled to "is limited to proper imposition of postrelease control." Id. at ¶29. The Court also held that res judicata "applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." Id. at paragraph three of the syllabus.

{¶16} Moreover, Crim.R. 32(A) states that a sentence "shall be imposed without unnecessary delay." The Supreme Court of Ohio has recognized that delay for a reasonable time does not invalidate a sentence. *Neal v. Maxwell* (1963), 175 Ohio St. 201, 202. This Court has held that Crim.R. 32(A) does not apply in cases where an offender must be re-sentenced. *State v. Spears*, 9th Dist. No. 24953, 2010-Ohio-1965, at ¶19, citing *State v. Huber*, 8th Dist. No. 85082, 2005-Ohio-2625, ¶8. See, also, *State v. Culgan*, 9th Dist. No. 09CA0060-M, 2010-Ohio-2992, at ¶36-37; *State v. Jones*, 9th Dist. No. 25032, 2010-Ohio-4455, at ¶9-10; *State v. Banks*, 9th Dist. No. 25279, 2011-Ohio-1039, at ¶42-43. "This logic, as it relates to Crim.R. 32(A), recognizes the distinction between a trial court refusing to sentence an offender and a trial court improperly sentencing an offender." *Spears* at ¶19. Furthermore, the Supreme Court of Ohio has held that a trial court retains continuing jurisdiction to correct a void sentence. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, at ¶19, citing *State v. Beasley* (1984), 14 Ohio St.3d 74, 75.

{¶17} This case does not involve a scenario where the trial court refused to impose a sentence on an offender. Rather, Barclay was sentenced immediately after he was found guilty

in 2002. As noted above, Barclay appealed his convictions to this Court and raised one assignment of error relating to the weight of the evidence. This Court affirmed Barclay's convictions. *Barclay*, supra. Nearly eight years after he was convicted, on July 12, 2010, Barclay filed a motion to be discharged on the basis that he had not been properly notified of post-release control and, therefore, the trial court was without jurisdiction to sentence him. In responding to the motion on July 16, 2010, the State argued that while there had, in fact, been an error in notifying Barclay of post-release control, the appropriate remedy was to conduct a de novo resentencing hearing. On July 23, 2010, the trial court issued a journal entry ordering the Summit County Sheriff to return Barclay for resentencing. The trial court subsequently conducted a resentencing hearing on August 25, 2010, and issued a new sentencing entry on September 20, 2010. In accordance with *Fischer*, the scope of the new sentencing hearing to which Barclay was entitled was limited to the proper imposition of post-release control. *Fischer*, at paragraph two of the syllabus. Likewise, the scope of Barclay's appeal from that hearing is limited solely to issues relating to the imposition of post-release control. Id. at paragraph four of the syllabus. It follows that the trial court had authority to impose the proper term of post-release control on Barclay at the August 25, 2010 hearing. As the lawful portion of Barclay's original sentence remained in place pursuant to *Fischer*, the trial court did not have authority to conduct a de novo sentencing hearing and reissue a sentence. Furthermore, as the lawful elements of Barclay's original sentence remained in place, Barclay cannot prevail on his argument that there was unreasonable delay in imposing a sentence. To the extent the trial court properly imposed a mandatory five-year period of post-release control upon Barclay at the resentencing hearing, its judgment is affirmed. To the extent the trial court conducted a de novo sentencing hearing and reissued a sentence to Barclay, its judgment in that respect is vacated.

III.

{¶18} Barclay's first assignment of error is overruled. With respect to the second and third assignments of error, the judgment of the Summit County Court of Common Pleas is vacated to the extent the court exceeded its authority and resentenced Barclay. The trial court's decision to properly impose a mandatory five-year period of post-release control on Barclay's sentence is affirmed.

Judgment affirmed in part,<br/>and vacated in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
MOORE, J.
<u>CONCUR</u>

<u>APPEARANCES</u>:

MARK A. BARCLAY, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.