[Cite as *State v. Valentine*, 2011-Ohio-5828.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 96047**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL E. VALENTINE

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-336465

**BEFORE:** Blackmon, P.J., Stewart, J., and Cooney, J.

**RELEASED AND JOURNALIZED:** November 10, 2011

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

Erika B. Cunliffe
Assistant County Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

Matthew E. Meyer
Daniel T. Van
Assistant County Prosecutors
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

Also Listed:

Michael Valentine, Pro Se
Inmate No. 324-635
S.O.C.F.
P.O.Box 45699
Lucasville, Ohio 45699-0001




PATRICIA ANN BLACKMON, P.J.:

{¶ 1} Appellant Michael Valentine appeals his convictions on various grounds, and through his assigned counsel, the following errors are raised:

> **"I. The trial court erred by failing to merge Mr. Valentine's convictions for rape and felonious sexual penetration where they were allied offenses of similar import."**

> **"II. The trial court failed to conduct an adequate classification hearing as required by *State v. Eppinger* (2001), 91 Ohio St.3d 168 and in violation of appellant's state and federal due process rights."**

{¶ 2} Valentine also assigns the following pro se error for our review:

> **"I. Defendant was denied due process of law when he was allowed to be convicted upon indictments which did not specify a date or distinguish between conduct on any give date."**

{¶ 3} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

{¶ 4} On May 25, 1996, the Cuyahoga County Grand Jury indicted Valentine on 20 separate counts of rape of his stepdaughter, a minor under the age of 13, each with an offense date of March 1, 1995 to January 16, 1996. In addition, the grand jury indicted Valentine on 20 separate counts of felonious sexual pene-tration of the child, each with an offense date of March 1, 1995 to January 16, 1996. On August 16, 1996, after a jury trial, Valentine was found guilty of all 40 counts. The trial court immediately sentenced Valentine to 40 consecutive life terms, and he appealed.

{¶ 5} During the pendency of Valentine's direct appeal, the General Assembly passed Ohio's version of Megan's Law. Consequently, on June 26, 1997, the trial court

conducted a hearing to determine Valentine's sexual offender classification. On July 17, 1997, we affirmed Valentine's conviction for the 20 counts of rape, but because of insufficient evidence, reduced the 20 convictions for felonious sexual penetration to 15. *State v. Valentine* (July 17, 1997), Cuyahoga App. No. 71301.

{¶ 6} Thereafter, Valentine sought collateral review in the federal court on the remaining 35 convictions. The federal district court granted Valentine's petition for habeas corpus relief and issued a writ, finding the indictment in the case violated Valentine's due process rights. *Valentine v. Huffman* (N.D. Ohio 2003), 285 F.Supp.2d 1011. Specifically, the federal district court held that the identical counts in the indictment violated his due process right to be notified of the crime charged with reasonable certainty so that he could fairly protect himself from double jeopardy.

{¶ 7} The federal district court vacated all but one count of rape and one count of felonious sexual penetration. Id. The warden challenged the granting of the writ, but the Sixth Circuit Court of Appeals upheld the district court's decision. *Valentine v. Konteh* (C.A. 6, 2005), 395 F.3d 626.

{¶ 8} On October 12, 2005, the trial court held a hearing to resentence Valentine in accordance with the federal court's decision. At the hearing, Valentine argued that his conviction for rape and felonious sexual penetration were allied offenses and should be merged. Valentine also challenged his 1997 classification as a sexual predator. The

trial court concluded that the offenses were not allied and proceeded to impose two concurrent life sentences.

{¶ 9} On August 19, 2010, Valentine filed a motion for resentencing on the grounds that the trial court had failed to advise him of his appellate rights. The trial court granted the motion and, on October 20, 2010, held a resentencing hearing. Valentine again raised the issue of allied offenses and argued that the convictions for rape and felonious sexual penetration should merge. The trial court again disagreed, imposed two concurrent life sentences, and advised Valentine of his appellate rights. Valentine now appeals.

## Res Judicata

{¶ 10} We address Valentine's assigned errors together, and review them under the doctrines of res judicata and law of the case. Collectively, Valentine argues that the trial court erred when it failed to merge his rape and felonious sexual penetration convictions; failed to conduct an adequate sexual predator classification hearing; and that the indictments failed to specify a date or distinguish between conduct on any given date.

{¶ 11} "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial that resulted in that judgment of conviction or on an appeal from that judgment." *State v. Carter*, Cuyahoga App. Nos. 96338, 96339,

96340, 96342, 96343, 96344, 96345, 96346, 2011-Ohio-4509, citing *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. By the plain language of *Perry*, "'the doctrine of res judicata is directed at procedurally barring convicted defendants from relitigating matters which were, or could have been, litigated on direct appeal.'" *State v. Barclay*, 9th Dist. No. 25646, 2011-Ohio-4770, quoting *State v. Widman* (May 16, 2001), 9th Dist. No. 00CA007681.

{¶ 12} Regarding Valentine's claim that his convictions for rape and felonious sexual assault should have been merged at his resentencing, we have held that the analysis of merger constituted a review of the defendant's underlying convictions, and thus was not within the scope of the trial court's limited review of sentencing issues on remand. *State v. Marshall*, Cuyahoga App. No. 89409, 2007-Ohio-6830. See, also, *State v. McCauley*, Cuyahoga App. No. 86671, 2006-Ohio-2875 (finding that the defendant's allied offense argument was barred by res judicata because it was not raised on direct appeal).

{¶ 13} Further, in Valentine's collateral attack of his conviction in the federal court, the Sixth District Court of Appeals specifically stated:

> **"The deficient charging of the prosecution and the management failure of the trial court, however, should not disturb the verdicts for Count 1 (the first rape count) and Count 21 (the first felonious sexual penetration count) of this case. The prosecutor presented substantial evidence of ongoing abuse, against which Valentine had notice and opportunity to defend. The jury heard the witnesses, evaluated the evidence, and was convinced of Valentine's guilt. Had this case been**

**tried in two counts, the convictions would clearly stand."** *Valentine v. Konteh*, supra at 637

{¶ 14} The Sixth Circuit Court of Appeals addressed and settled the issue of whether Valentine's rape and felonious sexual penetration convictions should merge. The Sixth Circuit specifically concluded that if the case had been tried in two counts, the convictions would stand. As such, Valentine is barred by res judicata from relitigating this issue.

{¶ 15} Valentine's pro se claim about the lack of specificity of the indictments has also been addressed in Valentine's direct appeal of his convictions and in his collateral attack in federal court. The Sixth Circuit addressed in great detail this specific issue and found all but two counts invalid. Id. As such, this issue is also barred by res judicata.

{¶ 16} In addition to the foregoing issues being barred by res judicata, they are also barred by the law of the case doctrine. The law of the case doctrine provides that the decision of a reviewing court in a case remains the law of the case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. *State v. Bobo*, Cuyahoga App. No. 95999, 2011-Ohio-4503, citing *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 462 N.E.2d 410. Thus, in accordance with the law of the case doctrine, we have no discretion nor inclination to disregard the Sixth Circuit's ruling on the above matters.

{¶ 17} Finally, Valentine's challenge to his classification as a sexual predator is also barred by the doctrine of res judicata. The record indicates that Valentine failed to raise this issue on his direct appeal. Accordingly, we overrule all assigned errors.

Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, PRESIDING JUDGE

MELODY J. STEWART, J., and
COLLEEN CONWAY COONEY, J., CONCUR