[Cite as *State v. Abuhilwa*, 2012-Ohio-3441.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

RIFAT ABUHILWA

    Appellant

C.A. No.     26183

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CR 1993 06 1218(B)

DECISION AND JOURNAL ENTRY

Dated: August 1, 2012

---

MOORE, Judge.

{¶1} Appellant, Rifat Abuhilwa, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} In October 1993, Abuhilwa pleaded guilty to (1) aggravated murder with a firearm specification, (2) aggravated robbery with a firearm specification, (3) aggravated robbery, and (4) carrying a concealed weapon. In November 1993, the court sentenced him to (1) life imprisonment for aggravated murder, plus three years for the firearm specification, (2) ten to twenty-five years for each of the two aggravated robbery charges, plus three years for the firearm specification, and (3) two years for carrying a concealed weapon. The court ordered the six years for the firearm specifications to be served first, consecutive to all of the other charges. The court further ordered the sentences for the aggravated robberies and the carrying a concealed weapon to be served concurrently with each other, but consecutively to the life imprisonment.

{¶3} Abuhilwa filed a direct appeal and this Court affirmed his convictions in 1995. Subsequently, he filed two petitions for post-conviction relief, which were denied by the trial court and affirmed by this Court in 1998. In October 2011, Abuhilwa filed two motions in the trial court. In his first motion, he requested a resentencing hearing, arguing that his sentence is void. In his second motion, Abuhilwa requested the court allow him to withdraw his guilty plea. The court denied both motions. Abuhilwa now appeals and presents two assignments of error for our review. To facilitate the analysis, we address the assignments of error out of order.

II.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED IN FINDING THAT THE APPELLANT'S SENTENCE WAS NOT VOID BECAUSE THE APPELLANT WAS NEVER INFORMED WHEN HE WOULD BE ELIGIBLE FOR PAROLE, EITHER BEFORE OR AFTER HE PLED GUILTY TO AGGRAVATED MURDER.

{¶4} In his second assignment of error, Abuhilwa argues that the trial court erred when it failed to find his sentence was void. Specifically, he argues that his sentence is void because the trial court did not specify the length of his life sentence by listing when he would be eligible for parole.

{¶5} The validity of Abuhilwa's sentencing entry presents a question of law. We review questions of law de novo. *Ohio Bell Tel. Co. v. Pub. Util. Comm.*, 64 Ohio St.3d 145, 147 (1992). When reviewing a matter de novo, this Court does not give deference to the trial court's decision. *State v. Barclay*, 9th Dist. No. 25646, 2011-Ohio-4770, ¶ 8.

{¶6} Abuhilwa argues that his sentence is void because the trial court failed to specify when he would be eligible for parole. However, nothing in the record indicates that the court intended that Abuhilwa would be eligible for parole.

{¶7} Abuhilwa's sentencing entry specifies that he was sentenced to "life imprisonment" for aggravated murder. The journal entry does not mention the possibility of parole. At the time he entered his plea, there was no mention of the possibility of parole. The State recommended life imprisonment and the court conducted a colloquy to confirm he understood the consequences of his plea.

THE COURT: You understand that the penalty for Count 1 is life imprisonment?

THE DEFENDANT: Yes.

{¶8} Similarly, at the sentencing hearing, the court sentenced Abuhilwa to life imprisonment and did not mention the possibility of parole. At a joint sentencing hearing the court clearly indicated that Abuhilwa's co-defendant would be eligible for parole in thirty years. Abuhilwa and his co-defendant were both charged with aggravated murder. On those charges, the State recommended life imprisonment for Abuhilwa. By contrast, for his co-defendant the State recommended life with the eligibility of parole after 30 years. Just before imposing the recommended sentences, the court found that the defendants were not able to be rehabilitated. "As such, the only recourse [the court has] is to remove [the defendants] from society."

{¶9} After reviewing the record, we conclude that Abuhilwa's sentence of life imprisonment without any mention of the possibility of parole is a sentence of life without parole. Because he is not eligible for parole, his sentencing entry is not void for failing to include information about his parole eligibility. Abuhilwa does not cite to any authority that stands for the proposition that a sentence of life imprisonment pursuant to a plea is void simply because it does not clarify that the defendant is not eligible for parole. *See* App.R. 16(A)(7).

{¶10} Abuhilwa further argues that this Court lacks jurisdiction to consider his appeal because his sentencing entry is not a final appealable order. Specifically, Abuhilwa argues that

his sentencing entry fails to set forth a sentence in compliance with Crim.R. 32(C). "A judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, syllabus, modified by *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204. Abuhilwa's challenge to the final appealability of the entry appears to be limited to the court's pronouncement of the sentence. Having determined that Abuhilwa's sentencing entry contains a life sentence without parole, we conclude that the sentencing entry complies with Crim.R. 32(C).

{¶11} Abuhilwa's second assignment of error is overruled.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA BECAUSE HE WAS NOT INFORMED THAT A GUN SPECIFICATION REQUIRED A MANDATORY TERM OF INCARCERATION OR THAT THE MANDATORY TERM OF INCARCERATION STATUTORILY HAD TO BE SERVED CONSECUTIVELY TO THE OTHER CHARGES.

{¶12} In his first assignment of error, Abuhilwa argues that the trial court erred in denying his motion to withdraw his guilty plea because he was not properly advised that a portion of his sentence was mandatory.

{¶13} It is well established law in Ohio that res judicata prohibits the consideration of issues that could have been raised on direct appeal. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 16-17, citing *State v. Hutton*, 100 Ohio St.3d 176, 2003-Ohio-5607, ¶ 37; *State v. D'Ambrosio*, 73 Ohio St.3d 141, 143 (1995). "This prohibition extends to claims made in support of motions to withdraw a plea." *State v. Molnar*, 9th Dist. No. 25267, 2011-Ohio-3799, ¶ 9, citing *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59.

{¶14} Abuhilwa argues that he should be permitted to withdraw his guilty plea because the trial court did not inform him that his gun specification sentences were mandatory. Because this argument could have been raised in his direct appeal in 1995, Abuhilwa's motion to withdraw his guilty plea is barred by res judicata. Accordingly, Abuhilwa's first assignment of error is overruled.

III.

{¶15} Abuhilwa's assignments of error are overruled and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

WHITMORE, P. J.
DICKINSON, J.
CONCUR.


APPEARANCES:

JANA DELOACH, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD KASAY, Assistant Prosecuting Attorney, for Appellee.