[Cite as *State v. Bronkar*, 2013-Ohio-683.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO

      Plaintiff-Appellee

-vs-

EARL BRONKAR, JR.

      Defendant-Appellant

JUDGES:
Hon. Patricia A. Delaney, P. J.
Hon. William B. Hoffman, J.
Hon. Sheila G. Farmer, J.

Case No. CT2012-0045

O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case Nos. C88-0054 and C88-0060 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | February 25, 2013 |


APPEARANCES:

For Plaintiff-Appellee

For Defendant-Appellant

EARL BRONKAR, JR.
Post Office Box 5500
Chillicothe, Ohio 45601

*Farmer, J.*

**{¶1}** Appellant Earl Bronkar, Jr. appeals from the decisions of the Court of Common Pleas, Muskingum County, which denied his motions to vacate sex offender classifications in two 1989 rape cases. The relevant facts leading to this appeal are as follows.

### Trial Court Case No. C88-54

**{¶2}** On February 1, 1989, appellant pled guilty to four counts of rape, R.C. 2907.02, aggravated felonies of the first degree. The trial court accepted appellant's pleas, and the matter proceeded to sentencing on April 10, 1989. At that time, appellant was sentenced to an indeterminate sentence of seven to twenty-five years on each count, to be served concurrently to each other and to the sentence imposed in case number C88-60.

**{¶3}** On March 16, 2001, the trial court conducted a hearing pursuant to former R.C. 2950.09(C) and, on March 28, 2001, issued a judgment entry classifying appellant as a sexual predator under H.B. 180.

**{¶4}** On September 1, 2012, appellant filed a "motion to vacate registration/classification" in the trial court. The court denied said motion on September 12, 2012.

### Trial Court Case No. C88-60

**{¶5}** On February 1, 1989, appellant pled guilty to one count of rape, R.C. 2907.02, an aggravated felony of the first degree. The trial court accepted appellant's pleas, and the matter proceeded to sentencing on April 10, 1989. At that time, appellant

was sentenced to an indeterminate sentence of seven to twenty-five years on each count, to be served concurrently to the sentence imposed in case number C88-54.

{¶6} On March 16, 2001, the trial court conducted a hearing pursuant to former R.C. 2950.09(C) and, on March 28, 2001, issued a judgment entry classifying appellant as a sexual predator under H.B. 180.

{¶7} On September 1, 2012, appellant filed a "motion to vacate registration/classification" in the trial court. The court denied said motion on September 12, 2012.

<em>Appellate History</em>

{¶8} On September 24, 2012, appellant filed a notice of appeal as to the judgment entries dated September 12, 2012 in cases C88-54 and C88-60. Appellant filed his brief on November 20, 2012. Appellee State of Ohio has not filed a response brief.

{¶9} Appellant herein raises the following sole Assignment of Error:

{¶10} "I. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION BY REOPENING A VALID FINAL JUDGMENT."

I.

{¶11} In his sole Assignment of Error, appellant challenges his sexual predator classifications rendered subsequent to his 1989 rape convictions.

{¶12} As an initial matter, we note appellant's brief asserts that he was also reclassified as a "Tier III" offender approximately in November 2007. However, our review of the record does not reveal any written documentation of such reclassification, which presumably would have been handled by the Ohio Attorney General under the

S.B. 10 statutory scheme enacted in 2007, which was based on the federal Adam Walsh Act.[1] Furthermore, appellant's September 2012 motions to "vacate registration/classification" do not clearly indicate whether he is challenging his original sexual predator classification or his purported Tier III reclassification, although his memorandum in support suggests both. Generally, a reviewing court will not presume facts from a silent record or give credence to statements appearing only in the briefs. *See Enderle v. Chapman*, Hamilton App.No. C-880267; *State v. Green,* Montgomery App.No. 14049, 1994 WL 718220. Accordingly, we will limit our analysis in the present appeal to appellant's challenge to his 2001 sexual predator classifications, which are the only classifications documented in the present trial court record.

{¶13} Ohio's version of the federal "Megan's Law" was enacted in 1996 under H.B. 180, and was additionally amended in 2003 by S.B. 5. *See State v. Williams*, 129 Ohio St.3d 344, 345, 952 N.E.2d 1108, 2011-Ohio-3374, ¶ 7. Appellant's essential argument as to his H.B. 180 classifications is based on the theory that such classifications are unconstitutionally retroactive. However, "[t]he Ohio Supreme Court consistently has held that pre-Adam Walsh Act versions of R.C. Chapter 2950 are remedial, not punitive, and that retroactive application of them does not violate the Ohio or United States Constitutions." *State v. Lay*, Champaign App.No. 2012–CA–7, 2012-Ohio-4447, ¶ 7, citing *State v. Cook,* 83 Ohio St.3d 404, 700 N.E.2d 570, 1998-Ohio-291, and *State v. Ferguson,* 120 Ohio St.3d 7, 896 N.E.2d 110, 2008-Ohio-4824.

---

[1] We must also note the trial court files reflect a motion in each case by the State of Ohio, filed in December 2012, after the notices of appeal, requesting vacation of appellant's "reclassification that occurred under the Adam Walsh Act." The record does not indicate that these motions by the State have been addressed by the trial court at this time.

Moreover, because appellant apparently never appealed his 2001 sexual predator classifications, we find his challenge thereto barred by the doctrine of res judicata. *See State v. Valentine,* Cuyahoga App.No. 96047, 2011-Ohio-5828, ¶ 17.

**{¶14}** We therefore find no reversible error regarding the trial court's denial of appellant's motion to vacate his 2001 sexual predator classifications in cases C88-54 and C88-60. The sole Assignment of Error is overruled.

**{¶15}** For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed.

By: Farmer, J.

Delaney, P. J., and

Hoffman, J., concur.

s/ Sheila G. Farmer_____

s/ Patricia A. Delaney_____

s/ William B. Hoffman _____

JUDGES

SGF/d 0206

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee             :
                                       :
-vs-                                   :                JUDGMENT ENTRY
                                       :
EARL BRONKAR, JR.                      :
                                       :
    Defendant-Appellant            :                Case No. CT2012-0045


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.

Costs assessed to appellant.


s/ Sheila G. Farmer_____

s/ Patricia A. Delaney_____

s/ William B. Hoffman_____

                  JUDGES