[Cite as *State v. Stambaugh*, 2013-Ohio-4558.]

STATE OF OHIO           )          IN THE COURT OF APPEALS
                        )ss:       NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA        )

STATE OF OHIO                       C.A. No.      12CA0096-M

    Appellee

    v.                              APPEAL FROM JUDGMENT
                                    ENTERED IN THE
MARK A. STAMBAUGH                   COURT OF COMMON PLEAS
                                    COUNTY OF MEDINA, OHIO
    Appellant                       CASE No.      06-CR-0205

DECISION AND JOURNAL ENTRY

Dated: October 15, 2013

HENSAL, Judge.

{¶1}   Defendant-Appellant, Mark A. Stambaugh, appeals from the judgment of the Medina County Court of Common Pleas. For the reasons set forth below, this Court vacates and remands for proceedings consistent with this opinion.

I.

{¶2}   In 2008, Stambaugh was found guilty of one count of forgery, in violation of Revised Code Section 2913.31(A)(1). The trial court sentenced him, inter alia, to five years of community control and five and one-half months in jail with credit for five and one-half months of time served. The court further provided that any violation of the sentence would result in a one-year prison term.

{¶3}   Stambaugh was charged with several community control violations in September 2012. He was appointed counsel, who represented him at the hearing on the violations. Stambaugh admitted to the violations at the hearing, and was sentenced to nine months in prison

with credit for 126 days of time served in a judgment entry filed on September 26, 2012. Stambaugh was subsequently conveyed to prison. The trial court held another hearing on October 29, 2012, pursuant to a request from the Bureau of Sentence Computation for clarification as to the amount of jail time credit.[1] Stambaugh was conveyed from prison for the hearing. He did not request counsel for the hearing nor did the trial court ask him if he wanted counsel appointed.

{¶4} On November 1, 2012, the trial court issued a journal entry ordering Stambaugh to serve a one-year prison sentence with credit for 165 days (five and one-half months) of time served. The trial court made the sentence retroactive to the date of the probation violation hearing. On November 5, 2012, Stambaugh, while acting pro se, filed a motion seeking 256 days of jail-time credit. It does not appear from the record that the trial court issued a decision on Stambaugh's motion.

{¶5} Stambaugh filed a timely appeal of the November 1, 2012, order and raises two assignments of error for this Court's review.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT VIOLATED MR. STAMBAUGH'S RIGHT TO BE FREE FROM DOUBLE JEOPARDY WHEN IT MODIFIED HIS PRISON SENTENCE AFTER THE TRIAL COURT ISSUED A VALID FINAL ORDER IN THE CASE.

{¶6} Stambaugh argues in his first assignment of error that the trial court erred in modifying his sentence as the September 26, 2012, judgment was final and could not be modified. By increasing the prison sentence to one year, Stambaugh argues, the trial court

---

[1] The record is devoid of any such request in writing from the Bureau of Sentence Computation.

subjected him to double jeopardy. The State agrees with Stambaugh's argument that the September 26, 2012, judgment is final and not subject to modification. Both Stambaugh and the State advocate that the November 1, 2012, judgment should be vacated as it is a nullity. This Court agrees.

{¶7} Because the validity of Stambaugh's November 1, 2012, sentencing order presents a question of law, this Court applies a de novo standard of review. *State v. Abuhilwa*, 9th Dist. Summit No. 26183, 2012-Ohio-3441, ¶ 5. "When reviewing a matter de novo, this Court does not give deference to the trial court's decision." *Id.*

{¶8} "A criminal sentence is final upon issuance of a final order." *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, ¶ 11. At the time of the sentence, Criminal Rule 32(C) provided in pertinent part that "[a] judgment of conviction shall set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence. * * * The judge shall sign the judgment and the clerk shall enter it on the journal." The Ohio Supreme Court held in *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, ¶ 11 that in order to qualify as a final, appealable order, the judgment of conviction must contain these substantive provisions.

{¶9} In this case, the trial court's September 26, 2012, judgment was a final order as it contained all the pertinent provisions mandated by Criminal Rule 32(C). "Absent statutory authority, a trial court is generally not empowered to modify a criminal sentence by reconsidering its own final judgment." *Carlisle* at ¶ 1. By increasing Stambaugh's prison sentence to one year, the trial court reconsidered and modified its own final judgment in contravention of the Supreme Court's holding in *Carlisle*. *Id*. The trial court did not, therefore, have the authority to increase his prison sentence to one year. Based on the foregoing, the

November 1, 2012, judgment is vacated. The trial court's September 26, 2012, judgment entry remains valid. Stambaugh's first assignment of error is sustained.

ASSIGNMENT OF ERROR II

THE TRIAL COURT VIOLATED MR. STAMBAUGH'S RIGHT TO COUNSEL WHEN IT FAILED TO APPOINT MR. STAMBAUGH AN ATTORNEY TO REPRESENT HIM AT A RESENTENCING HEARING AT WHICH HIS PRISON SENTENCE WAS INCREASED.

{¶10} In his second assignment of error, Stambaugh argues that he was entitled to appointed counsel for the October 29, 2012, hearing as his sentence was increased. Due to this Court's resolution of Stambaugh's first assignment of error, his second assignment of error is moot. This Court, therefore, declines to address it. App.R. 12(A)(1)(c).

III.

{¶11} Stambaugh's first assignment of error is sustained and his second assignment of error is moot. The November 1, 2012, judgment of the Medina County Court of Common pleas is vacated and the cause is remanded to the trial court for proceedings consistent with this opinion.

Judgment vacated,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

MELISSA M. PRENDERGAST, Assistant State Public Defender, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MICHAEL O. MCGINTY, Assistant Prosecuting Attorney, for Appellee.