[Cite as *State v. Abuhilwa*, 2015-Ohio-5536.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

RIFAT A. ABUHILWA

    Appellant

C.A. No.     27742

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 1993 06 1218 (B)

DECISION AND JOURNAL ENTRY

Dated: December 31, 2015

HENSAL, Presiding Judge.

{¶1} Defendant-Appellant, Rifat A. Abuhilwa, appeals from a judgment of the Summit County Court of Common Pleas, denying his renewed motion for resentencing and renewed motion to withdraw his guilty pleas. For the following reasons, this Court affirms.

I.

{¶2} This matter has a lengthy procedural history, the details of which are set forth in this Court's prior decision in *State v. Abuhilwa*, 9th Dist. Summit No. 26183, 2012-Ohio-3441. By way of summary, Abuhilwa pleaded guilty to several criminal charges stemming from the robbery of Mike's Drive Thru and murder of Robert Hunt, a store patron. Relevant to this appeal, Abuhilwa was convicted of aggravated murder and sentenced to life imprisonment in 1993.

{¶3} In 1995, Abuhilwa appealed his convictions on the bases that: (1) his guilty plea was not voluntarily made; (2) the indictment was insufficient and duplicitous; and (3) he was

deprived of the effective assistance of counsel. *State v. Abuhilwa*, 9th Dist. Summit No. 16787, 1995 WL 134746, *1 (Mar. 29, 1995). This Court affirmed his convictions. *Id.* at *9.

{¶4} Abuhilwa subsequently filed two petitions for postconviction relief, both of which the trial court denied. This Court affirmed the trial court's denial of the petitions in 1998. *State v. Abuhilwa*, 9th Dist. Summit Nos. 18444, 18620, 1998 WL 103335, *1 (Feb. 18, 1998).

{¶5} In 2010, Abuhilwa filed yet another appeal, this time challenging his sentence with respect to the firearm specifications. *State v. Abuhilwa*, 9th Dist. Summit No. 25300, 2010-Ohio-5997, ¶ 6. This Court overruled Abuhilwa's assignment of error on the basis of res judicata. *Id.* at ¶ 9. In doing so, we stated that "Abuhilwa has already availed himself of the opportunity to appeal his convictions as well as the chance to file two petitions for postconviction relief and a subsequent appeal. He now seeks, not a second bite, but rather to eat the entire apple." *Id.*

{¶6} In 2011, Abuhilwa filed a "Motion for Resentencing Due to Void Sentence [and] * * * Motion to Withdraw Guilty Pleas," which the trial court denied. Abuhilwa appealed the trial court's adverse ruling to this Court. *State v. Abuhilwa*, 9th Dist. Summit No. 26183, 2012-Ohio-3441. We affirmed the trial court, holding that Abuhilwa's sentence was not void, and that his motion to withdraw his guilty pleas was barred by res judicata because he could have raised that issue in his direct appeal in 1995. *Id.* at ¶ 9, 14.

{¶7} In February 2015, Abuhilwa filed a "Renewed Motion for Resentencing Due to Void Sentence [and] Renewed Motion to Withdraw Guilty Pleas," wherein he argued new theories on the same issues. The trial court denied Abuhilwa's renewed motions, holding that "[b]ecause [his] arguments have already been addressed on appeal, or could have been raised on appeal, they are now barred by *res judicata*." Abuhilwa now appeals the trial court's decision,

raising two assignments of error for our review. We will consider Abuhilwa's assignments of error together to facilitate review.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN REFUSING TO RESENTENCE THE APPELLANT TO THE STATUTORY SENTENCE MANDATED FOR AGGRAVATED MURDER PURSUANT TO THE THEN-APPLICABLE STATUTE [R.C.] 2929.03(C)(2) IN 1993. APPELLANT'S SENTENCE IS VOID. THERE IS NO LOGICAL OR LEGAL BASIS FOR THE DISPARITY OF SENTENCES BETWEEN APPELLANT AND HIS CO-DEFENDANT DUSTEN L. MIGHT'S SENTENCE.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO WITHDRAW[] HIS GUILTY PLEA FOR AGGRAVATED MURDER BECAUSE HIS SENTENCE IS VOID AND CONTRARY TO THE STATUTORY SENTENCE THE THEN-APPLICABLE STATUTE [R.C.] 2929.03(C)(2) FOR 1993; THEREFORE, APPELLANT DID NOT K[N]OWINGLY, INTELLIGENTLY OR VOLUNTARILY ENTER A PLEA OF GUILT[Y].

{¶8} In his first assignment of error, Abuhilwa argues that the trial court erred by denying his renewed motion for resentencing because his sentence is void. Specifically, he argues that his sentence of life imprisonment is void because it is contrary to the then-applicable aggravated murder statute, Revised Code Section 2929.03(C)(2). In this regard, he argues that the then-applicable statute did not permit a sentence of life imprisonment without parole, which he received.

{¶9} Relatedly, in his second assignment of error, Abuhilwa argues that the trial court erred by denying his renewed motion to withdraw his guilty pleas because his sentence is void. He also argues that his guilty plea was not made knowingly, intelligently, or voluntarily because he "was misinformed of the sentence for [a]ggravated [m]urder."

{¶10} We agree with the trial court that Abuhilwa's renewed motions are barred by res judicata. It is well-established law in Ohio that res judicata prohibits the consideration of issues that could have been raised on direct appeal. *State v. Saxon,* 109 Ohio St.3d 176, 2006–Ohio–1245, ¶ 16–17, citing *State v. Hutton,* 100 Ohio St.3d 176, 2003–Ohio–5607, ¶ 37; *State v. D'Ambrosio,* 73 Ohio St.3d 141, 143 (1995).

{¶11} As discussed above, we affirmed the trial court's denial of Abuhilwa's "Motion for Resentencing Due to Void Sentence [and] * * * Motion to Withdraw Guilty Pleas" in 2012, holding that his sentence was not void, and that his motion to withdraw his guilty pleas was barred by res judicata. *State v. Abuhilwa*, 9th Dist. Summit No. 26183, 2012-Ohio-3441, ¶ 9, 14, 15. The fact that Abuhilwa's renewed motions rely on different theories is "immaterial to the application of the doctrine of *res judicata*." *Hammerschmidt v. Wyant Woods Care Ctr.*, 9th Dist. Summit No. 19779, 2000 WL 1875401, *1 (Dec. 27, 2000). Because Abuhilwa could have raised the issues presented in his renewed motions on direct appeal, res judicata prohibits him from raising them now. Abuhilwa's assignments of error are overruled.

III.

{¶12} Abuhilwa's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were not reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR.

APPEARANCES:

RIFAT A. ABUHILWA, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.