OPINION
{¶ 1} Defendant-appellant, Ryan Brown, appeals the sentencing decision and sexual offender classification of the Butler County Court of Common Pleas after appellant was convicted of rape and classified as a sexual predator. We affirm the sexual predator classification, but reverse the sentencing decision.
 {¶ 2} Appellant was indicted on two charges: one count of rape pursuant to R.C. 2907.02(A)(1)(b), a first-degree felony (Count 1); and one count of gross sexual imposition pursuant to R.C. 2907.05(A)(4), a third-degree felony (Count 2). The indictment stemmed from allegations that appellant engaged in unlawful sexual conduct with the ten-year-old son of his live-in girlfriend.
 {¶ 3} In August 2001, appellant entered into a plea agreement. He pleaded guilty to Count 1, rape, and the prosecution agreed to merge Count 2, sexual imposition. The trial court conducted a combined sentencing and sexual offender classification hearing. The court sentenced appellant to eight years in prison and classified him a sexual predator pursuant to R.C. 2950.09(B). Appellant appeals the sentence and sexual predator classification and raises two assignments of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE TRIAL COURT ERRED IN IMPOSING A PRISON TERM THAT EXCEEDED THE SHORTEST PRISON TERM AUTHORIZED FOR THE OFFENSE."
 {¶ 6} Appellant argues in his first assignment of error that the trial court erred when it imposed a prison term that exceeded the shortest prison term authorized for a first-degree felony.
 {¶ 7} The Supreme Court recently found portions of Ohio's statutory sentencing scheme unconstitutional in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. The court held that R.C. 2929.14(B) and R.C. 2929.19(B)(2), requiring judicial fact-finding prior to imposing more than the minimum term, were unconstitutional. Id. at ¶ 97-99. The court severed these provisions from the Ohio statutory sentencing scheme, thus eliminating the requirement of judicial fact-finding prior to the imposition of a sentence within the basic ranges of R.C.2929.14(A). Id. at ¶ 100.
 {¶ 8} In this case, the trial court made findings under R.C.2929.14(B) to impose more than the minimum prison term for appellant's felony conviction.
 {¶ 9} The Foster court instructed that all cases pending under direct review in which the unconstitutional sentencing provisions were utilized must be remanded for sentencing. SeeFoster at ¶ 104. On remand, the trial court will have full discretion to impose sentences within the statutory range and is no longer required to make findings or give reasons for imposing more than the minimum sentence. Accordingly, appellant's first assignment of error is sustained.
 {¶ 10} Assignment of Error No. 2:
 {¶ 11} "THE TRIAL COURT ERRED IN FINDING APPELLANT TO BE A SEXUAL PREDATOR WHEN THE FINDING IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 12} Appellant argues that the trial court's determination that he is a sexual predator was against the manifest weight of the evidence. He argues that the court made findings not supported by the record when considering the factors in R.C.2950.09(B)(3).
 {¶ 13} On review, the civil manifest weight standard is applied in sexual predator determinations. State v. Bowman,
Butler App. Nos. CA2001-05-007, CA2001-06-147, 2002-Ohio-4373. This standard requires that the trial court's sexual predator determination be upheld if the court's judgment is supported by some competent, credible evidence going to all the essential elements of the case. Id. at ¶ 6, citing C.E. Morris Co. v.Foley Constr. Co. (1987), 54 Ohio St.2d 279, 280. The trial court's sexual predator determination will not be disturbed as being against the manifest weight of the evidence if reasonable minds could arrive at the conclusion reached by the court.Bowman, 2002-Ohio-4373 at ¶ 6.
 {¶ 14} A "sexual predator" is defined by the Ohio Revised Code as a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense * * * and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E)(1). Appellant pleaded guilty to rape which is a sexually-oriented offense pursuant to R.C. 2907.02. Therefore, the only issue that remains is whether the manifest weight of the evidence supported the finding that appellant was likely to engage in future sexually-oriented offenses.
 {¶ 15} The Ohio Revised Code states that there must be clear and convincing evidence that appellant is a sexual predator prior to application of that classification. R.C. 2950.09(B)(4). In the event an offender at a required sexual classification hearing is determined not to be a sexual predator, the trial court is required to specify the reason or reasons why the court determined that the offender was not a sexual predator. Id. Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." Cross v. Ledford
(1954), 161 Ohio St. 469, 477. While clear and convincing evidence is "more than a mere preponderance" of the evidence, it is less than that which constitutes evidence "beyond a reasonable doubt." State v. Eppinger, 91 Ohio St.3d 158, 164,2001-Ohio-247, citing Ledford, 161 Ohio St. at 477.
 {¶ 16} When making a sexual predator determination, R.C.2950.09(B)(3) requires the trial court to "consider all relevant factors, including, but not limited to, all of the following:
 {¶ 17} "(a) The offender's or delinquent child's age;
 {¶ 18} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 19} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 20} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 21} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 22} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 23} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 24} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 25} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 26} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct." R.C.2950.09(B)(3).
 {¶ 27} The court also has the discretion to determine what weight to assign to the factors. State v. Thompson,92 Ohio St.3d 584, 589, 2001-Ohio-1288. In addition, a single sexually-oriented conviction alone may support a finding that a defendant is a sexual predator. Eppinger, 91 Ohio St.3d at 167.
 {¶ 28} Appellant contends that the trial court considered the factors in R.C. 2950.09(B)(3), but made findings that are not supported by the record. Appellant's contention is without merit.
 {¶ 29} First, pursuant to R.C. 2950.09(B)(3)(c) (a), the trial court considered the age of the victim and the age of the offender. The court found that there is a heightened danger of recidivism when the offender preys on a young child, in this case a child who had just turned ten years old at the time of the offense. Id. at 162. The court also found that the injury to the victim was worsened because of his young age. Appellant's young age, 30 years old, also increases the likelihood of recidivism.
 {¶ 30} Second, pursuant to R.C. 2950.09(B)(3)(b), the trial court considered the appellant's prior criminal record in regards to his risk of recidivism. Appellant's prior criminal record, possession of marijuana, slightly increases his risk of recidivism. In addition, Appellant's long term substance abuse problem was also considered an increasing factor by the court.
 {¶ 31} Third, pursuant to R.C. 2950.09(B)(3)(g), the trial court considered the psychologist's report regarding appellant's mental health. The psychologist, Dr. Bobbie G. Hopes, reported that appellant was diagnosed with borderline manic schizophrenia as a youth. According to Dr. Hopes, a borderline personality disorder is difficult, if not impossible to change. Such a personality disorder compels people to behave in the same kinds of patterns thus increasing the risk of recidivism. Dr. Hopes assessed that appellant's risk of recidivism was "moderate."
 {¶ 32} Lastly, pursuant to R.C. 2950.09(B)(3)(h), the victim indicated that there had been a pattern of abuse by appellant. He stated that it had happened "four or five times at his apartment" and "a lot of times at the old house." Upon examination, a physician noted that it was his opinion that the victim's rectum had been penetrated often over a period of time.
 {¶ 33} After reviewing all of the evidence before the trial court, we find clear and convincing evidence supporting the decision to classify appellant as a sexual predator. Dr. Hopes found that appellant's risk of recidivism was moderate. This opinion, together with appellant's history of alcohol and drug abuse and the pattern of abuse indicated by the victim, strongly supports the trial court's decision. Accordingly, the second assignment of error is overruled.
 {¶ 34} Having reviewed the assignments of error, we affirm the trial court's classification of appellant as a sexual predator. Judgment, however, is reversed as to sentencing only and this case is remanded for resentencing in accordance with this opinion.
Powell, P.J., and Young, J., concur.