OPINION
{¶ 1} Defendant-appellant, Allen G. Bregan, appeals his sexual predator classification and the sentence imposed by the trial court. For the reasons outlined below, we affirm appellant's classification as a sexual predator, but reverse the trial court's decision as to sentencing.
 {¶ 2} Appellant was indicted on eight counts of rape of a person under the age of 13 in violation of 2907.02(A)(1)(b), and initially pleaded not guilty to the charges. Pursuant to a plea agreement, appellant pleaded guilty to counts I, II, V, and VI, and the state agreed to dismiss the remaining four counts.
 {¶ 3} At the sentencing hearing, the trial court sentenced appellant to serve a 10-year prison term for each of the four counts, to be served consecutively. The court issued a written decision in which it classified appellant as a sexual predator pursuant to R.C. 2950.09 and held a hearing at which it explained to appellant his reporting responsibilities as a sexual predator. Appellant appeals raising four assignments of error.
 {¶ 4} Assignment of Error No. 4:
 {¶ 5} "THE TRIAL COURT ERRED IN FINDING APPELLANT TO BE A SEXUAL PREDATOR."
 {¶ 6} R.C. Chapter 2950, which governs the classification of sexual predators, habitual sex offenders, and sexually-oriented offenders, is remedial in nature, rather than punitive in nature.State v. Cook, 83 Ohio St.3d 404, 413, 1998-Ohio-291. Accordingly, we apply the civil manifest weight of the evidence standard of review. State v. Brown, Butler App. No. CA2005-10-4369, 2006-Ohio-4209, ¶ 13; State v. Bowman, Butler App. Nos. CA2001-05-117, CA2001-06-147, 2002-Ohio-4373, ¶ 5. This requires a review to determine whether the trial court's judgment is supported by some competent, credible evidence going to all essential elements of the case. C.E. Morris Co. v. Foley Constr.Co. (1987), 54 Ohio St.2d 279, 280. A reviewing court will not disturb a trial court's determination upon a sexual predator hearing on appeal as being against the manifest weight of the evidence if reasonable minds could arrive at the conclusion reached by the trier of fact. State v. Burgess (July 10, 2000), Fayette App. No. CA99-08-021, citing State v. Fields (1995),102 Ohio App.3d 284, 287.
 {¶ 7} A "sexual predator" is defined by the Ohio Revised Code as a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E)(1).
 {¶ 8} The Ohio Revised Code states that there must be clear and convincing evidence that appellant is a sexual predator prior to application of that classification. R.C. 2950.09(B)(4). Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." Cross v. Ledford
(1954), 161 Ohio St. 469, 477. While clear and convincing evidence is "more than a mere preponderance" of the evidence, it is less than that which constitutes evidence "beyond a reasonable doubt." State v. Eppinger, 91 Ohio St.3d 158, 164,2001-Ohio-247, citing Ledford at 477.
 {¶ 9} A trial court can classify an individual as a sexual predator only if it concludes that the state has established both prongs of the definition by clear and convincing evidence, after considering "all relevant factors" in making this determination. R.C. 2950.09(B)(3) and (B)(4); State v. Carnes, Brown App. No. CA2005-01-001, 2006-Ohio-2134, ¶ 91. {¶ 10} A trial court shall consider all relevant factors, including, but not limited to: the offender's age; the offender's past criminal conduct; the age of the victim; whether multiple victims were involved; whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting; whether the offender was previously convicted of an offense, and if a sexual offense, whether the offender participated in sexual offender treatment; the mental illness or mental disability of the offender; the nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually-oriented offense and whether the sexual conduct, sexual contact, or interaction was part of a demonstrated pattern of abuse; whether the offender displayed cruelty or made one or more threats of cruelty; and any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(3)(a)-(j).
 {¶ 11} The trial court's decision classifying appellant as a sexual predator indicates the trial court considered the applicable statutory factors listed above, along with a recorded statement appellant made to investigating officers, the investigating officer's report, a social worker's report, and the presentence investigation report. The court found that appellant did not have a criminal history, and that there was no evidence that appellant had committed any prior sex offenses or engaged in prior sexual misconduct. Further, the court found that appellant was 40 years old when he raped his two children, who were five and six years old, and the offenses took place over no less than a two-month period of time. The court noted that appellant performed oral sex on each of his children, instructed them to perform oral sex on each other, masturbated in front of them, and ejaculated on his daughter. Also, the court noted that while appellant tried to justify his actions as an attempt to provide sex education, he concealed his actions from his wife, and told the children not to tell anyone about the activities.
 {¶ 12} Appellant pleaded guilty to four counts of rape in violation of 2907.02(A)(1)(b), which is a sexually-oriented offense, and rape is not a registration-exempt sexually-oriented offense. R.C. 2950.01(D)(1)(a); R.C. 2950.01(Q)(1) and (P)(1). Therefore, the only issue that remains is whether the manifest weight of the evidence supported the finding that appellant was likely to engage in future sexually-oriented offenses.
 {¶ 13} The trial court found that "[b]ecause of [appellant's] distorted and bizarre way of looking at things, his inability to empathize with the victims and his attitude that what he did is normal, he is not treatable." Further, the court found that all of the facts discussed above "demonstrate [appellant's] predatory nature, suggesting a propensity to commit future sexually oriented offenses." We agree, and find that clear and convincing evidence supports the trial court's finding that appellant is likely to engage in future sexually-oriented offenses. Appellant's fourth assignment of error is overruled.
 {¶ 14} Assignment of Error No. 1:
 {¶ 15} "THE TRIAL COURT ERRED IN NOT SENTENCING APPELLANT TO THE SHORTEST PRISON TERM PERMITTED BY LAW."
 {¶ 16} In his first assignment of error, appellant argues that the trial court's decision sentencing him to four maximum sentences violates the Sixth Amendment and the Supreme Court's decision in Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531.
 {¶ 17} On February 27, 2006, the Ohio Supreme Court decidedState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In Foster,
the Court found that by imposing maximum or consecutive sentences pursuant to Ohio sentencing guidelines, the trial court engaged in fact-finding found unconstitutional in Blakely. The Court held that cases where sentencing was based upon unconstitutional fact-finding "[m]ust be remanded to trial courts for new sentencing hearings not inconsistent with this opinion." Foster
at ¶ 103-104. The court in Foster also held that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences. Foster at paragraph seven of syllabus.
 {¶ 18} Accordingly, appellant's first assignment of error is sustained for the reason that this case is pending on direct review and the unconstitutional sentencing provisions were utilized. See Foster at ¶ 104.
 {¶ 19} Assignment of Error No. 2:
 {¶ 20} "THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO THE MAXIMUM PRISON TERM FOR EACH OFFENSE."
 {¶ 21} Assignment of Error No. 3:
 {¶ 22} "THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO SERVE CONSECUTIVE SENTENCES."
 {¶ 23} These assignments of error are moot based on our resolution of appellant's first assignment of error. See App.R. 12(A)(1)(c).
 {¶ 24} Having reviewed the assignments of error not rendered moot, we affirm the trial court's decision classifying appellant as a sexual predator. However, we reverse the trial court's decision as to sentencing only, and remand this matter for resentencing in accordance with Foster on Counts I, II, V and VI.
 {¶ 25} Judgment reversed as to sentencing only and remanded for resentencing.
POWELL, P.J., and WALSH, J., concur.