[Cite as *State v. McDonald*, 2014-Ohio-989.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.   CA2013-07-056 |
| | : | O P I N I O N |
| - vs - | | 3/17/2014 |
| | : | |
| PHILLIP HALL MCDONALD, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2007 CR 000990

D. Vincent Faris, Clermont County Prosecuting Attorney, Judith A. Brant, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

Phillip Hall McDonald, #A576-717, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601-0990, defendant-appellant, pro se

**RINGLAND, P.J.**

{¶ 1}   Defendant-appellant, Phillip McDonald, appeals a decision of the Clermont County Court of Common Pleas classifying him as a sexual predator.  For the reasons detailed below, we affirm the decision of the trial court.

{¶ 2}   On November 28, 2007, appellant was indicted on 12 counts for illegal use of a minor in nudity-oriented material or performance, attempted use of a minor in nudity-oriented

material or performance, voyeurism, and gross sexual imposition. The charges stemmed from allegations that appellant had taken sexually explicit photographs of four female juveniles while they were sleeping as guests in his home between the years of 2001 and 2007.

{¶ 3} On February 14, 2008, appellant entered a plea of no contest to the charges. The trial court accepted appellant's plea of no contest and subsequently found appellant guilty on all 12 counts. As a result, appellant was sentenced to a total prison term of nine years and eight months. Appellant was also classified as a Tier II sex offender under the Adam Walsh Act (AWA). This court affirmed appellant's convictions on direct appeal in *State v. McDonald*, 12th Dist. Clermont No. CA2008-05-045, 2009-Ohio-1168.[1]

{¶ 4} Subsequently, on March 1, 2011, the Ohio Supreme Court released its decision in *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374. In its decision, the Ohio Supreme Court held the AWA cannot be applied to any sex offender who committed an offense prior to its enactment. *Id.* at ¶ 22. As a result, the court ordered that sex offenders must be classified under the law in effect at the time the defendant committed the offense. *Id.* at ¶ 23.

{¶ 5} On April 9, 2012, appellant filed a "petition for declaratory judgment," which the trial court construed as a motion for postconviction relief. In his motion, appellant alleged that his classification as a Tier II sex offender under the AWA was improper pursuant to the Ohio Supreme Court's decision in *Williams*.

{¶ 6} On October 19, 2012, the trial court issued a written decision finding that appellant's classification under the AWA must be vacated and ordered a resentencing hearing on appellant's sex offender classification under the relevant Megan's Law.

---

1. In his direct appeal, appellant did not raise an assignment of error with respect to his classification as a sex offender under the AWA. Therefore, this court did not address appellant's classification as a sex offender.

{¶ 7} On May 23, 2013, the trial court held a resentencing hearing to determine appellant's classification under Megan's Law. Following the hearing, the trial court issued another written decision finding by clear and convincing evidence that appellant was likely to engage in one or more future sexually-oriented offenses. Accordingly, the trial court reclassified appellant as a sexual predator. Appellant now appeals the trial court's decision, raising six assignments of error for review.

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE TRIAL COURT ABUSED ITS DISCRETION BY RECLASSIFYING MCDONALD UNDER SECTION 2950.09(A) OF THE OHIO REVISED CODE, AND BY IMPOSING A SEXUAL PREDATOR CLASSIFICATION THAT IS UNAUTHORIZED BY LAW.

{¶ 10} Assignment of Error No. 5:

{¶ 11} THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF MCDONALD BECAUSE THE WEIGHT OF THE EVIDENCE DOES NOT SUPPORT THE DETERMINATION THAT MCDONALD IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES.

{¶ 12} Appellant's first and fifth assignments of error are interrelated and will be addressed together. In his assignments of error, appellant essentially alleges the trial court erred when it reclassified him as a sexual predator under Megan's Law. Under his first assignment of error, appellant argues the trial court erred when it "automatically" classified him as a sexual predator under Megan's Law. However, under his fifth assignment of error, appellant argues the evidence presented at his reclassification hearing was insufficient to support by "clear and convincing evidence that [appellant] is likely to engage in the future in one or more sexually oriented offenses." We find appellant's contradictory arguments to be without merit.

{¶ 13} Pursuant to the Ohio Supreme Court's decision in *Williams*, appellant was

reclassified as a sexual predator under the law in effect at the time appellant committed the offense, Megan's Law. *Williams*, 2011-Ohio-3374 at ¶ 23. A sexual predator is defined as a person who has been convicted of, or has pled guilty, to committing a sexually-oriented offense and is likely to engage in the future in one or more sexually-oriented offenses. R.C. 2950.01(E); *State v. Eppinger*, 91 Ohio St.3d 158, 163 (2001). In determining whether an offender should be classified as a sexual predator, the trial court shall consider all relevant factors. *State v. Carnes*, 12th Dist. Brown No. CA2005-01-001, 2006-Ohio-2134, ¶ 91; *State v. Bregen*, 12th Dist. Clermont No. CA2005-11-101, 2006-Ohio-4691, ¶ 10. Those factors include, but are not limited to:

> the offender's age; the offender's past criminal conduct; the age of the victim; whether multiple victims were involved; whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting; whether the offender was previously convicted of an offense, and if a sexual offense, whether the offender participated in sexual offender treatment; the mental illness or mental disability of the offender; the nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually-oriented offense and whether the sexual conduct, sexual contact, or interaction was part of a demonstrated pattern of abuse; whether the offender displayed cruelty or made one or more threats of cruelty; and any additional behavioral characteristics that contribute to the offender's conduct.

*Bregen* at ¶ 10, citing R.C. 2950.09(B)(3)(a)-(j).

{¶ 14} The Ohio Revised Code states that there must be clear and convincing evidence that appellant is a sexual predator prior to application of that classification. R.C. 2950.09(B)(4); *Bregen* at ¶ 8. Clear and convincing evidence is evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Id.*, citing *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954). A court is under no obligation to "tally up" the R .C. 2950.09(B)(3) factors in any particular fashion. *State v. Kerps*, 4th Dist. Washington No. 02CA2, 2002-Ohio-4806, ¶ 11; *State v. Mollohan*, 4th Dist.

Washington No. 98CA13, 1999 WL 671824, *8 (Aug. 19, 1999). In fact, "[a] court may classify an offender as a 'sexual predator' even if only one or two statutory factors are present, so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually oriented offense." *Id.*

{¶ 15} We begin by noting that appellant's reclassification as a sexual predator under Megan's Law was not done "automatically." Following the trial court's decision to reclassify appellant under Megan's Law, the trial court scheduled the matter for a hearing. The trial court issued its findings from that hearing on June 13, 2013. Although appellant never filed a transcript of those proceedings before this court, appellant acknowledges at several points in his brief that a hearing did take place. For example, in his brief, appellant notes "[i]t is irrelevant that the trial court held the alleged adjudication hearing to consider the evidence and arguments of the parties, as this alleged hearing was nothing more than a ludicrous, empty show." Because the record does not support appellant's contention that his classification as a sexual predator under Megan's Law was done automatically, appellant's first assignment of error is overruled.

{¶ 16} Since we have found the trial court did not automatically reclassify appellant as a sexual offender, it is appropriate to discuss appellant's fifth assignment of error regarding appellant's reclassification hearing. However, because his assignment of error argues the trial court's decision was against the manifest weight of the evidence, appellant was required to submit a transcript of those proceedings.

{¶ 17} As this court has repeatedly acknowledged, because "an appealing party bears the burden of showing error in the underlying proceeding by reference to matters in the record, the appellant has a duty to provide a transcript for appellate review." *State v. Williams*, 12th Dist. Clermont No. CA2012-Ohio-08-060, 2013-Ohio-1387, ¶ 18; *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980); *see* App. R. 9(B); *see also* App. R.

16(A)(7). "Where portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus has no choice but to presume the regularity or validity of the lower court's proceedings and affirm." *Knapp* at 199; *Williams* at ¶ 18; *State v. Gregory*, 12th Dist. Clinton No. CA2006-05-016, 2006-Ohio-7037, ¶ 3. Without a transcript, this court cannot determine whether the trial court's decision was against the manifest weight of the evidence.

{¶ 18} On June 13, 2013, the trial court issued a written decision detailing its findings from the May 23, 2013 reclassification hearing. In its decision, the trial court adjudicated appellant as a sexual predator after considering all of the relevant factors, including those contained in R.C. 2950.09(B)(3). The trial court explained pertinent findings relevant to its determination, including the facts that appellant showed little remorse for his actions, continued to contact at least one of the victims, and has never accepted responsibility for his actions.[2] Based on the totality of the evidence, the trial court found the state had shown by clear and convincing evidence that appellant was likely to engage in future sexually-oriented offenses and therefore ordered appellant to be classified as a sexual predator under Megan's Law.

{¶ 19} Because appellant failed to provide the transcript or provide any evidence to the contrary, we find the trial court did not err in reclassifying appellant as a sexual predator under Megan's Law. We are further assisted in this determination by the fact that appellant does not dispute any particular finding of the trial court. Instead, appellant argues the trial court's decision was not based on clear and convincing evidence because the trial court found only two out of the ten possible factors listed in R.C. 2950.09 were relevant. However,

---

2. The trial court referenced correspondence between appellant and one of the victims, which graphically discussed sex and appellant's desire to engage in sex when he is released from prison, including appellant's revelation that "I don't guess it even matter who I f**k at this point, a stiff dick has no conscious [sic]."

as previously noted, a court is not required to "tally up" the R.C. 2950.09 factors and such arguments have been consistently rejected by reviewing courts. *See, e.g., Keerps*, 2002-Ohio-4806 at ¶ 11; *Mollohan*, 1999 WL 671824 at *8. As such, we find appellant's first and fifth assignments of error are without merit.

{¶ 20} Assignment of Error No. 2:

{¶ 21} THE RETROACTIVE APPLICATION OF 2003 AM.SUB.S.B. NO. 5, 150 Ohio Laws, Part IV, 6558, VIOLATES SECTION 28, ARTICLE II OF THE OHIO CONSTITUTION, WHICH PROHIBITS THE GENERAL ASSEMBLY FROM PASSING RETROACTIVE LAWS THAT IMPOSE NEW OR ADDITIONAL BURDENS, DUTIES, OBLIGATIONS, OR LIABILITIES AS TO PAST TRANSACTIONS.

{¶ 22} Appellant's second assignment of error argues his classification as a sexual predator constitutes a "new or additional burden, dut[y], obligation, or liabilit[y] as to a past transaction" in violation of Ohio's prohibition against ex post facto laws contained in Section 28, Article II of the Ohio Constitution. In his assignment of error, appellant essentially argues the amendments to Ohio's sexual predator classification statute and registration requirements have become unduly burdensome. As a result, appellant alleges his classification under Megan's Law is punitive and therefore violates Ohio's prohibition of ex post fact laws.

{¶ 23} Appellant's position on this matter is confusing. As previously noted, appellant was reclassified as a sexual predator under Megan's Law. Ohio's version of the federal "Megan's Law" was enacted in 1996 under H.B. 180, and was additionally amended in 2003 by S.B. 5. *See Williams*, 2011-Ohio-3374 at ¶ 7. Appellant essentially argues that his classification under Megan's Law is unconstitutionally retroactive. However, "the Ohio Supreme Court has consistently held that pre-AWA versions of R.C. Chapter 2950 are remedial, not punitive, and that retroactive application of them does not violate the Ohio or

United States Constitutions." *State v. Bronkar*, 5th Dist. Muskingum No. CT2012-0045, 2013-Ohio-683, ¶ 13; *State v. Lay*, Champaign No. 2012-CA-7, 2012-Ohio-4447, ¶ 7, citing *State v. Cook*, 83 Ohio St.3d 404 (1998), and *State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824. Furthermore, appellant's classification was clearly not applied retroactively. Megan's Law was in existence prior to appellant's commission of the sexual offenses and convictions. Accordingly, we find appellant's classification as a sexual predator under Megan's Law does not "impose new or additional burdens, duties, obligations, or liabilities as to a past transaction." Appellant's second assignment of error is without merit.

{¶ 24} Assignment of Error No. 3:

{¶ 25} THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT IMPOSED SEX OFFENDER CLASSIFICATION AND REGISTRATION DUTIES ON MCDONALD WITHOUT PRIOR NOTIFICATION OF THE CONSEQUENCES OF HIS "NO CONTEST" PLEAS [sic] PURSUANT TO CRIMINAL RULE 11(C)(2)(b).

{¶ 26} In his third assignment of error, appellant argues the trial court "should not have accepted [appellant's] no contest pleas unless it determined, inter alia, that [appellant] was voluntarily entering the pleas with the understanding that [appellant's] sex offender classification and registration duties could change at any time in the future." As a result, appellant argues the trial court improperly accepted his plea of no contest.

{¶ 27} When a criminal defendant enters a plea of no contest, "the plea must be made knowingly, intelligently, and voluntarily, and the failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Douglass*, 12th Dist. Butler Nos. CA2008-07-168, CA2008-08-199, 2009-Ohio-3826, ¶ 9; *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). In order for a trial court to ensure that a defendant's plea is knowing, voluntary, and intelligent, it must engage the defendant in a colloquy pursuant to Crim.R. 11(C). *State v. Clark*, 119 Ohio St.3d 239,

2008-Ohio-3748, ¶ 25-26.

{¶ 28} "Historically, a trial court had no obligation to inform a defendant of the applicable registration and notification requirements pursuant to R.C. Chapter 2950 prior to accepting a guilty plea." *State v. Butcher*, 12th Dist. Butler No. CA2012-10-206, 2013-Ohio-3081, ¶ 9. Although a trial court must advise a defendant of the basic registration requirements under the AWA version of R.C. Chapter 2950 before accepting a guilty plea, we have held differently for the registration requirements under Megan's Law. *Compare id.* at ¶ 11 *with State v. Dotson*, 12th Dist. Preble No. CA2007-11-025, 2008-Ohio-4965, at ¶ 28. As this court acknowledged in *Dotson*:

> Before accepting a guilty plea, courts are not obligated under Crim.R. 11(C)(2) to explain the registration and reporting requirements pursuant to R.C. Chapter 2950, because they are remedial and not punitive in nature. *State v. Isaac*, Greene App. No. CA03-CA-91, 2004-Ohio-4683, ¶ 33; *see also*, *State v. Nelson* (Dec. 29, 1997), Clermont App. No. CA96-09-077, at 3 at 3 (holding the classifications provisions and attendant registration, verification, and community notification requirements of R.C. Chapter 2950 do not constitute punishment). Indeed, the Supreme Court of Ohio noted that R.C. Chapter 2950 was never meant to punish a defendant, instead it was created "to protect the safety and general welfare of the people of this State." *State v. Eppinger*, 91 Ohio St.3d 158, 165, 743 N.E.2d 881, 2001-Ohio-247.

*Dotson* at ¶ 28. Accordingly, the trial court was neither required nor obligated to inform appellant of the registration requirements when he pled no contest to the facts listed in the indictment.

{¶ 29} Furthermore, we also note the record from appellant's direct appeal reflects that the trial court did indeed inform appellant of sexual offender registration requirements during the plea colloquy. In his change of plea hearing held on February 14, 2008, appellant stated on the record that he understood that a conviction would mandate classification as a sex offender under the AWA. Although appellant was eventually classified under Megan's Law,

that fact alone does not invalidate appellant's plea. In fact, appellant's classification as a sexual predator under Megan's Law was not mandatory. Rather, appellant was afforded more rights than previously advised when he originally agreed to enter his plea, including a hearing to determine whether he should be classified as a sexual predator. *See* R.C. 2950.09(B)(2). Accordingly, the trial court also "substantially complied" with the requirements of Crim.R.11 and any discrepancy in appellant's classification as a sex offender under the AWA or Megan's Law did not prejudice appellant. *See, e.g., Butcher* at ¶ 13 (trial court properly accepted appellant's guilty plea because the trial court's statements regarding the registration requirements under R.C. Chapter 2950 "substantially complied" with the nonconstitutional provisions of Crim.R. 11). Appellant's third assignment of error is overruled.

{¶ 30} Assignment of Error No. 4:

{¶ 31} THE TRIAL COURT ABUSED ITS DISCRETION, AS THE REGISTRATION DUTIES UNDER FORMER CHAPTER 2950 OF THE OHIO REVISED CODE ARE BARRED BY THE DOCTRINE OF RES JUDICATA, WHICH PRECLUDES THE RE-LITIGATION OF A CAUSE OF ACTION.

{¶ 32} In his fourth assignment of error, appellant contends his classification as a sexual predator under Megan's Law is erroneous based on the doctrine of res judicata. In essence, appellant appears to argue that because the trial court originally classified him under the AWA, he is immune from reclassification under Megan's Law following the Ohio Supreme Court's reversal in *Williams*. Appellant's argument is without merit.

{¶ 33} Pursuant to the Ohio Supreme Court's decision in *Williams*, "[t]he remedy for improper classification is to remand the matter to the trial court for a classification hearing in accordance with the law in effect at the time the offense was committed." *State v. Alsip*, 8th Dist. Cuyahoga No. 98921, 2013-Ohio-1452, ¶ 10; *State v. Bolton*, 8th Dist. Cuyahoga No. 96385, 2012-Ohio-169, ¶ 103; *State v. Johnson*, 3d Dist. Wyandot Nos. 16-11-05 and 16-11-

06, 2013-Ohio-136, ¶ 9; *State v. Dillon*, 5th Dist. Muskingum No. CT 11-0062, 2012-Ohio-773, ¶ 19. That is precisely what happened in the case at bar. Because appellant was given an improper classification under the AWA, the trial court set a new hearing to determine appellant's classification in accordance with Megan's Law. *See Williams*, 2011-Ohio-3374 at ¶ 23. Following a hearing, appellant was classified as a sexual predator. Appellant's classification as a sexual predator under Megan's Law was not barred by res judicata. Accordingly, appellant's argument is without merit and his fourth assignment of error is overruled.

{¶ 34} Assignment of Error No. 6:

{¶ 35} THE TRIAL COURT ABUSED ITS DISCRETION AND ACTED WITH VINDICTIVENESS TOWARD MCDONALD IN REGARD TO SENTENCES FOR ALLIED OFFENSES, ADDITIONAL PUNISHMENT UNDER THE ADAM WALSH ACT, AND THE UNLAWFUL AUTOMATIC CLASSIFICATION AS A SEXUAL PREDATOR UNDER R.C. 2950.09(A).

{¶ 36} In his final assignment of error, appellant argues the trial court acted with vindictiveness throughout the case because Clermont County is a "close-knit community." As a result, appellant argues the procedural posture of the case, as well as his classification as a sexual predator was a product of vindictiveness. Appellant first complains the trial court was vindictive when it applied the provisions of the AWA, and further, when the trial court "automatically" classified appellant as a sexual predator under Megan's Law. Next, appellant complains the trial court was vindictive for imposing sentences for offenses that constituted allied offenses of similar import. We find no merit to appellant's arguments.

{¶ 37} Due process prohibits a court from imposing a harsher sentence on a defendant in retaliation for exercising her right to appeal. *State v. Craycraft*, 12th Dist. Clermont Nos. CA2011-04-029, CA2011-04-030, 2012-Ohio-884, ¶ 11; *State v. Andrews*,

12th Dist. Butler No. CA2006-06-142, 2007-Ohio-223, ¶ 23; *State v. Fernbach*, 12th Dist. Warren Nos. CA2006-11-130, CA2006-11-131, 2008-Ohio-5670, ¶ 27. However, based on our review of the record, appellant has failed to set forth any coherent argument to show the trial court acted improperly, or with vindictiveness.

{¶ 38} In the present case, appellant was convicted in 2008 for criminal actions occurring between the years of 2001 and 2007. The trial court classified appellant as a sexual predator under the AWA, which came into effect on January 1, 2008. The trial court's classification was consistent with this court's position on the matter. *State v. Williams*, 12th Dist. Warren No. CA2008-02-029, 2008-Ohio-6195, *rev'd Williams*, 2011-Ohio-3374 at ¶ 23. However, subsequent to appellant's conviction and sentence, the Ohio Supreme Court reversed our holding in *Williams* and held that offenders like appellant could not be classified under the AWA. *See Williams*, 2011-Ohio-3374 at ¶ 23. As a result, the trial court properly vacated appellant's classification under the AWA and held a reclassification hearing to determine appellant's status as a sex offender under Megan's Law. Following a full hearing, appellant was reclassified as a sexual predator under Megan's Law. There is no evidence in the record to suggest the trial court acted with vindictiveness at any point during the process.

{¶ 39} In addition, we also reject appellant's contention that the trial court acted with vindictiveness when it allegedly entered guilty convictions on offenses constituting allied offenses of similar import. "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 180-181 (1967).

{¶ 40} In the present case, although appellant did initially raise the issue of allied offenses with the trial court in the original action, appellant failed to raise the issue on direct

appeal. *See McDonald*, 2009-Ohio-1168. Nothing precluded appellant from raising that argument on direct appeal. Appellant cannot now raise the issue after a final judgment has been rendered. *See, e.g., State v. Hickman*, 5th Dist. Licking No. 11-CA-134, 2012-Ohio-3050; *State v. Hughes*, 10th Dist. Franklin No. 12AP-165, 2012-Ohio-4513. Accordingly, appellant's contention is barred by the doctrine of res judicata. As appellant has failed to raise any valid argument the trial court acted vindictively in any way, we find appellant's argument is without merit and the sixth assignment of error is overruled.

{¶ 41} Judgment affirmed.

HENDRICKSON and M. POWELL, JJ., concur.