[Cite as *State v. Dunsmore*, 2015-Ohio-157.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.  CA2014-03-071 |
| - vs - | : | O P I N I O N<br>1/20/2015 |
| | : | |
| RONALD L. DUNSMORE, SR., | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2013-10-1654

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Christopher P. Frederick, 304 North Second Street, Hamilton, Ohio 45011, for defendant-appellant

**HENDRICKSON, J.**

{¶ 1}  Defendant-appellant, Ronald L. Dunsmore, Sr., appeals a decision of the Butler County Court of Common Pleas classifying him as a sexual predator.  For the reasons set forth below, we affirm the decision of the trial court.

{¶ 2}  On October 23, 2013, appellant was indicted on seven counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), felonies of the third degree, and four counts of

rape in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree. The charges arose out of allegations that appellant, from November 1997 through November 1998, engaged in sexual contact and sexual conduct with his granddaughter, T.D., and from March 2006 through December 2006, engaged in sexual contact and sexual conduct with his granddaughter, B.D. Both T.D. and B.D. were less than 13 years of age at the time the sexual offenses occurred.

{¶ 3} On January 13, 2014, pursuant to a plea bargain agreement, appellant entered a guilty plea to two counts of rape by digital penetration, and the state dismissed the remaining charges. As part of the plea agreement, the state further agreed not to pursue child pornography charges against appellant. After accepting appellant's guilty plea, the trial court ordered an evaluation of appellant to determine whether he should be classified as a sexual offender or sexual predator under Megan's Law.[1]

{¶ 4} On March 5, 2014, the trial court held a sex-offender-classification hearing and sentencing hearing. At this time, the state introduced into evidence the report of Dr. Jennifer O'Donnell, a clinical psychologist who had conducted psychological testing and a mental status examination of appellant. In her report, Dr. O'Donnell described appellant's behavior during the clinical examination as "very self-absorbed," lacking "insight into the impact of his behavior," and as that of someone attempting to shift the blame or play a "victim of circumstances." Dr. O'Donnell reported appellant initially denied remembering what had occurred between himself and his granddaughters, stating "it was so long ago." However, when reminded that he had recently pleaded guilty to the offenses, appellant relented and described the events that took place. He stated that with respect to T.D. and B.D., although

---

1. In *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, ¶ 22-23, the Ohio Supreme Court held that defendants who committed sex offenses prior to the enactment of the Adam Wash Act (AWA) cannot be classified under the AWA, but rather, must be classified under the law in effect at the time they committed the sex offenses. Because appellant committed his sex offenses between 1997 and 2006, he was required to be classified under Megan's Law, and not the AWA.

each girl would spend the night with him and his ill wife in the couple's waterbed where the rapes occurred, the girls were not together when the events took place. In each instance, after appellant's wife and granddaughter had fallen asleep, he would come into the bedroom and molest the girl. According to Dr. O'Donnell's report:

> [Appellant] blame[ed] his wife for "spoiling the girls pretty bad" and said that because his wife let the girls drink before going to bed, with the warmth of the bed, the girls would urinate in the bed during their sleep. So he said he would have to check (under their clothing) to make sure they had not wet themselves and he would determine if their pajamas needed changed. However, he also said he felt pleasure from the interaction and admitted that he "might" have penetrated the girls with his fingers. He ultimately admitted that he "might have gone too far with one of the girls."
>
> * * *
>
> [Appellant] was very self-absorbed and showed little insight into the impact of his behavior or the impression that he was making as he portrayed himself as someone who was a victim of circumstances (his wife's inability to have sex, his granddaughters' wetting in the bed, and the fact that he thought this was long behind him, only to come out now when his medical condition would compound the severity of his potential sentence).

{¶ 5} After conducting (1) PAI testing, a self-report personality inventory designed to measure the presence and severity of psychiatric symptoms and psychological distress, (2) a SVR-20 interview, a structured clinical interview providing the basis for data collection, and (3) a Static-99/2002R test, an actuarial instrument designed to assist in the prediction of recidivism for a group of sex offenders of a similar profile, Dr. O'Donnell opined that appellant was at a risk of reoffending if he were released into the community. However, she found that "while the risk exists, it is low compared to other types of offenders and is specific to pre-pubescent girls." She further opined that with treatment and supervision the risk of recidivism could be further minimized.

{¶ 6} After reviewing Dr. O'Donnell's report, the trial court discussed several reasons

it felt it necessary to classify appellant a sexual predator, including the child pornography found on appellant's computer, appellant's effort to minimize his culpability and responsibility by placing blame on his wife and granddaughters, appellant's actions in violating a "family and emotional trust," and appellant's risk of recidivism. The trial court, therefore, found appellant to be a sexual predator and sentenced him to consecutive eight-year terms on each of the rape convictions.

{¶ 7} Appellant timely appealed, raising as his sole assignment of error the following:

{¶ 8} THE TRIAL COURT ERRED IN CLASSIFYING [APPELLANT] AS A SEXUAL PREDATOR.

{¶ 9} In his sole assignment of error, appellant argues that the trial court erred by classifying him a sexual predator as the state failed to produce clear and convincing evidence that he is likely to engage in the future in one or more sexually oriented offenses. Appellant argues that Dr. O'Donnell's report demonstrates that he is in the "low risk" category for recidivism. In support of his argument that he should not have been classified a sexual predator, appellant emphasizes his lack of a prior criminal record, his age (over 70 years old), and the fact that he did not use threats, violence, or display cruelty in the commission of the two rapes.

{¶ 10} A trial court's determination in a sex-offender-classification hearing held pursuant to Megan's Law is reviewed under a manifest weight of the evidence standard and not an abuse of discretion standard. *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶ 32. A determination that a sex offender is a sexual predator must be made by clear and convincing evidence. *Id.* at ¶ 20. Clear and convincing evidence is evidence that "will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 11} A sexual predator is a person who has been convicted of, or has pleaded guilty

to, committing a sexually-oriented offense and is likely to engage in the future in one or more sexually-oriented offenses. Former R.C. 2950.01(E); *State v. Eppinger*, 91 Ohio St.3d 158, 163 (2001). In determining whether an offender should be classified as a sexual predator, the trial court is required to consider all relevant factors, including, but not limited to, the offender's age, his prior criminal record, the victim's age, whether multiple victims were involved, whether drugs and alcohol were used to impair the victim, whether the offender has a mental illness or mental disability, the nature of the offender's sexual contact with the victim and whether it was part of a pattern of abuse, whether the offender displayed cruelty or made threats of cruelty, and any additional behavioral characteristics that contribute to the offender's conduct. Former R.C. 2950.09(B); *Wilson*, 2007-Ohio-2202 at ¶ 19; *State v. McGlosson*, 12th Dist. Butler No. CA2013-05-082, 2014-Ohio-1321, ¶ 28.

{¶ 12} The trial court "has discretion to determine what weight, if any, it will assign to each factor." *Wilson* at ¶ 19. *See also State v. McDonald*, 12th Dist. Clermont No. CA2013-07-056, 2014-Ohio-989, ¶ 14. The trial court is not required to find that the evidence presented supports a majority of the factors listed in former R.C. 2950.09(B). *McGlosson* at ¶ 29. Rather, "a court may classify an offender as a 'sexual predator' even if only one or two statutory factors are present, so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually oriented offense." *McDonald* at ¶ 14. *See also McGlosson* at ¶ 29; *State v. Wilson*, 12th Dist. Fayette No. CA99-09-024, 2000 WL 1693493 (Nov. 13, 2000).

{¶ 13} We find that the trial court's classification of appellant as a sexual predator is supported by the manifest weight of the evidence. Although appellant did not have a prior criminal record, did not use threats or violence in the course of his two rapes, and was believed by Dr. O'Donnell to have a low risk of recidivism, several significant factors under former R.C. 2950.09(B) increased appellant's risk of recidivism. These factors included (1)

the victims' ages, given that both victims were under the age of 13 at the time of the offenses; (2) appellant's age, given that appellant demonstrated that his mature age was not a "protective factor," or factor which decreased the risk of recidivism, as he committed the offenses when he was almost 60 years old or older; and (3) appellant's assault of multiple victims. Moreover, appellant engaged in a pattern of abuse. In her report, Dr. O'Donnell opined that appellant "groom[ed] his victims for sex" and continued his molestation over a period of years, "following an identifiable pattern of sexually abusive behavior." In addition, appellant lacked insight into the impact of his behavior on the victims and attempted to shift blame onto others for his actions. This is of particular importance as Dr. O'Donnell indicated that appellant's lack of insight and denial of activity is a sign of his potential to continue his sexual assaults under circumstances where a child is accessible to him and he believes his actions would not be detected. Finally, in committing these offenses, appellant abused a position of trust and authority over his victims, namely appellant used his familial relationship to assault his two granddaughters, believing that that they would not tell others about his actions.

{¶ 14} In considering the above-mentioned factors and in light of Dr. O'Donnell's report, we find that the trial court's decision to classify appellant as a sexual predator was supported by clear and convincing evidence. As we previously recognized in *State v. McGlosson*, 2014-Ohio-1321, an offender who scores in the low range for recidivism may still be classified as a sexual predator where the offender engaged in an on-going pattern of assault, lacked empathy for his victim, denied responsibility for his actions, and used a position of trust and authority over the victim. *Id.* at ¶ 31-36. Furthermore, as we acknowledged in *State v. Borders*, 12th Dist. Clermont No. CA2004-12-101, 2005-Ohio-4339, an offender may be classified a sexual predator even if it is his first conviction for a sexually oriented offense where additional factors, such as the great disparity of age between the

offender and the victims, the fact that multiple victims were assaulted, and the fact that the offender used his familial role to facilitate the offenses, demonstrate the offender is likely to engage in one or more sexually-oriented offenses in the future. *Id.* at ¶ 28.

{¶ 15} Given the evidence presented at the sex-offender-classification hearing, we find that the trial court did not err in classifying appellant a sexual predator as the state demonstrated by clear and convincing evidence that appellant is likely to engage in the future in one or more sexually-oriented offenses. Appellant's sole assignment is, therefore, overruled.

{¶ 16} Judgment affirmed.

RINGLAND, P.J., and PIPER, J., concur.