[Cite as *State v. Clouse*, 2015-Ohio-3499.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 14-CA-99 |
| MICHAEL W. CLOUSE | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Licking County Court of Common Pleas, Case No. 2008 CR 121 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | August 25, 2015 |

APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| KENNETH W. OSWALT<br>Licking County Prosecutor<br>20 S. Second Street, Fourth Floor<br>Newark, Ohio 43055 | CHRISTOPHER M. HUDAK<br>Morrow, Gordon & Byrd, Ltd.<br>33 W. Main Street<br>P.O. Box 4190<br>Newark, Ohio 43058-4190 |

*Hoffman, P.J.*

{¶1} Defendant-appellant Michael W. Clouse appeals the October 6, 2014 Judgment Entry entered by the Licking County Court of Common Pleas, classifying him a sexual predator pursuant to R.C. 2950.09 (Megan's Law). Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE CASE AND FACTS

{¶2} On August 15, 2008, Appellant plead guilty to an amended indictment and was convicted by the trial court of six counts of gross sexual imposition, felonies of the third degree; and one count of gross sexual imposition, a felony of the fourth degree. The trial court sentenced Appellant to seven years in the Orient Reception Center and imposed a period of five years of post-release control.

{¶3} The trial court further notified Appellant of his duty to register as a Tier II sex offender in accordance with R.C. 2950.03.

{¶4} On July 29, 2014, Appellant filed a motion for resentencing. The trial court granted the motion on September 4, 2014. The trial court found Appellant's classification as a Tier II sexual offender void, but otherwise affirmed his convictions and sentence.

{¶5} The trial court scheduled a reclassification hearing for October 3, 2014 in order to classify Appellant under the prior version of R.C. 2950.09 (Megan's Law), rather than the current version of R.C. 2950.09 (the "Adam Walsh Act").

{¶6} Appellant was present at the reclassification hearing via video conference from his institution in Chillicothe, Ohio. The trial court proceeded in reclassifying

Appellant a sexual predator pursuant to the prior version of R.C. 2950.09 ("Megan's Law").

{¶7} On October 6, 2014, the trial court filed a Nunc Pro Tunc Judgment Entry based on the evidence presented at the resentencing hearing.

{¶8} Appellant appeals, assigning as error:

{¶9} "I. THE TRIAL COURT ERRED BY NOT OBTAINING A VALID WAIVER FOR HIS NON APPEARANCE AND NOT INFORMING DEFENDANT-APPELLANT OF HIS HEARING RIGHTS.

{¶10} "II. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION BY RENDERING DEFENDANT-APPELLANT A SEXUAL PREDATOR.

{¶11} "III. DEFENDANT-APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL AT THE RE-SENTENCING HEARING WHEN COUNSEL FAILED TO MEET WITH DEFENDANT-APPELLANT TO PREPARE FOR RE-SENTENCING HEARING AND FAILED TO INVESTIGATE AND PRESENT MITIGATING EVIDENCE ON BEHALF OF DEFENDANT-APPELLANT."

I.

{¶12} In the first assignment of error, Appellant maintains the trial court erred in not obtaining a valid waiver for his not appearance at his resentencing hearing.

{¶13} Ohio Criminal Rule 43 provides,

(A) Defendant's presence

(1) Except as provided in Rule 10 of these rules and division (A)(2) of this rule, the defendant must be physically present at every stage of the criminal proceeding and trial, including the impaneling of the jury, the

return of the verdict, and the imposition of sentence, except as otherwise provided by these rules. In all prosecutions, the defendant's voluntary absence after the trial has been commenced in the defendant's presence shall not prevent continuing the trial to and including the verdict. A corporation may appear by counsel for all purposes.

(2) Notwithstanding the provisions of division (A)(1) of this rule, in misdemeanor cases or in felony cases where a waiver has been obtained in accordance with division (A)(3) of this rule, the court may permit the presence and participation of a defendant by remote contemporaneous video for any proceeding if all of the following apply:

(a) The court gives appropriate notice to all the parties;

(b) The video arrangements allow the defendant to hear and see the proceeding;

(c) The video arrangements allow the defendant to speak, and to be seen and heard by the court and all parties;

(d) The court makes provision to allow for private communication between the defendant and counsel. The court shall inform the defendant on the record how to, at any time, communicate privately with counsel. Counsel shall be afforded the opportunity to speak to defendant privately and in person. Counsel shall be permitted to appear with defendant at the remote location if requested.

(e) The proceeding may involve sworn testimony that is subject to cross examination, if counsel is present, participates and consents.

(3) The defendant may waive, in writing or on the record, the defendant's right to be physically present under these rules with leave of court.

**{¶14}** During the resentencing hearing, the following discussion occurred on the record,

THE COURT: Good afternoon - - or, rather, good morning.  This is Case No. 2008 CR 121, the State of Ohio versus Michael Clouse.  The record should reflect that we are physically present in the Magistrate's courtroom in the Licking County Courthouse with a representative of the State of Ohio, Mr. Waltz, from the prosecuting attorney's office; counsel for the Defendant, Ms. Crysta Pennington; along with a represent of Adult Court Services, Mr. Burke; and a court reporter; and Mr. Clouse is joining us by video conference from his institution.

Can you hear us okay, Mr. Clouse?

DEFENDANT:  Yes, sir.

THE COURT: And can you see everything all right?

DEFENDANT: Yes, sir.

THE COURT: Okay.  We are here as a result of a motion that was filed on behalf of the Defendant for re-sentencing that alleged he was improperly classified as a Tier II sexual offender because the offenses for which he was convicted occurred before the effective date of the current chapter of Revised Code Section 2950, and he was correct, and we're

here today to - -for a classification hearing applying the act that the law as it existed at the time, and that's why counsel has been appointed.

Are you then ready to proceed on that basis, Mr. Waltz?

MR. WALTZ: We are, Your Honor.

THE COURT: Are you ready to proceed on that basis, Ms. Pennington?

MS. PENNINGTON: Yes, Your Honor.

THE COURT: Go right ahead, Mr. Waltz.

**{¶15}** Tr. at 4-5.

**{¶16}** Where a defendant fails to object to a video conference appearance, he waives all but plain error. *State v. Morton*, 10th Dist. No. 10AP-562, 2011-Ohio-1488; *State v. Steimle*, 8th Dist. No. 95076, 2011-Ohio-1071; *State v. Howard*, 2nd Dist. 101212OHCA2, 2012-Ohio-4747.

**{¶17}** Appellant maintains he was unable to meet with trial counsel prior to his resentencing hearing, and had he been present at the resentencing hearing, he would have had the opportunity to meet with counsel or to advise the court of his inability to be advised by counsel.

**{¶18}** As noted, Appellant did not object to the proceedings and did not notify the court of his unwillingness to proceed. The record does not demonstrate, nor did Appellant state on the record, he had not had the opportunity to consult with counsel.

**{¶19}** The record does not reflect Appellant was in any way prejudiced by the trial court's proceeding with the hearing via video conference. We find the failure to

secure a written waiver of his physical appearance at the hearing, did not amount to plain error.

**{¶20}** Appellant's first assignment of error is overruled.

II.

**{¶21}** In the second assignment of error, Appellant argues the trial court abused its discretion in classifying him a sexual predator under Megan's Law.

**{¶22}** Under Megan's Law, a sexual predator is defined as a person who has been convicted of, or has pleaded guilty to, committing a sexually-oriented offense and is likely to engage in the future in one or more sexually-oriented offenses. Former R.C. 2950.01(E); *State v. Eppinger*, 91 Ohio St.3d 158 (2001).

**{¶23}** In *Eppinger*, the Supreme Court stated,

As previously noted, at the sexual offender classification hearing, in order for the offender to be designated a sexual predator, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense *and* that the offender is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E) and 2950.09(B)(3).

The General Assembly supplied the trial court with several factors to consider in making this weighty decision. R.C. 2950.09(B)(2) provides:

"In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:

"(a) The offender's age;

"(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;

"(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;

"(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;

"(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;

"(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;

"(g) Any mental illness or mental disability of the offender;

"(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;

"(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;

"(j) Any additional behavioral characteristics that contribute to the offender's conduct."

As noted by the court of appeals, "[c]lear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." *Cross v. Ledford* (1954), 161 Ohio St. 469, 477, 53 O.O. 361, 364, 120 N.E.2d 118, 123.

**{¶24}** Here, the trial court based its classification of Appellant as a sexual predator under Megan's Law upon the testimony presented at the hearing by Mr. Burke, the ages of the victim and Appellant, the multiple occurrences, the possibility of multiple victims, Appellant's intoxication during one of the incidents and Appellant's abusing his relationship as step-parent of the victim.

**{¶25}** Mr. Burke testified his eight years of experience in dealing with sexual offenders while working at the Licking County Adult Court Services qualified him to opine Appellant would likely commit future sexual offenses based on the facts of the case and the accusations of the victims.

**{¶26}** A trial court has discretion to determine what weight, if any, it will assign any given factor during a sexual predator hearing. *State v. Dunsmore*, 2015-Ohio-157. The trial court is not required to find the evidence presented supports a majority of the factors listed. A court may classify an offender as a sexual predator even if only one or two statutory factors are present, so long as the totality of the circumstances provides

clear and convincing evidence the offender is likely to commit a future sexually oriented offense. *Id.*

**{¶27}** Accordingly, based upon the evidence presented at the resentencing hearing, we find the trial court did not abuse its discretion in classifying Appellant herein.

**{¶28}** The second assignment of error is overruled.

III.

**{¶29}** In the third assignment of error, Appellant argues he was denied the effective assistance of counsel.

**{¶30}** In order to prevail on an ineffective assistance of counsel claim, appellant must meet the two-prong test set forth in *Strickland,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Initially, appellant must show that counsel's performance was deficient. *Id.* at 687. To meet that requirement, appellant must show counsel's error was so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id.* Appellant "may prove counsel's conduct was deficient by identifying acts or omissions that were not the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *State v. Sieng* (Dec. 30, 1999), 10th Dist. No. 99AP-282, citing *Strickland,* 466 U.S. at 690.

**{¶31}** If appellant successfully proves that counsel's assistance was ineffective, the second prong of the *Strickland* test requires appellant to prove prejudice in order to prevail. *Strickland,* 466 U.S. at 692. To meet that prong, appellant must show counsel's errors were so serious as to deprive him of a fair trial, a trial whose result is reliable. *Id.* at 687. To meet this standard appellant must show "that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

**{¶32}** Here, Appellant has not demonstrated on this record, but for the alleged deficiencies of counsel, the outcome of the trial would have been otherwise. The trial court considered appropriate statutory factors in determining Appellant was likely to engage in one or more sexually oriented offenses in the future.

**{¶33}** The third assignment of error is overruled.

By: Hoffman, P.J.

Farmer, J. and

Wise, J. concur